NO. 12-05-00374-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
§
 
IN RE: LLOYD MURRAY,                                §                 ORIGINAL PROCEEDING
RELATOR 
§
                                                                                                                                                            
MEMORANDUM OPINION
            Relator Lloyd Murray seeks a writ of mandamus requiring the Honorable Pam Foster
Fletcher, Judge of the 3rd Judicial District Court, Anderson County, Texas, to respond to his motion
to dismiss and his application for writ of habeas corpus or, alternatively, to dismiss the theft by check
charge pending against him. We deny the writ.
 
Discussion
            To obtain mandamus relief in a criminal matter, the relator must establish that (1) the act
sought to be compelled is ministerial and (2) there is no adequate remedy at law. Dickens v. Second
Court of Appeals, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). A trial court is required to
consider and rule upon a motion within a reasonable time. In re Ramirez, 994 S.W.2d 682, 683
(Tex. App.–San Antonio 1998, orig. proceeding). When a motion is properly filed and pending
before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act,
and mandamus may issue to compel the trial judge to act. Id. However, the relator must also
establish that the trial court was asked to perform the act but failed or refused to do so. O’Connor
v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). Where the relator
makes the requisite showing, we have jurisdiction to direct the trial court to hold a hearing and make
a ruling, but we may not order the trial court to make a particular ruling. See id. at 684. 
            Here, there is no indication that Respondent was made aware of the motion to dismiss or the
application for writ of habeas corpus. See In re Chavez, 62 S.W.3d 225, 228 (Tex. App.–Amarillo
2001, orig. proceeding) (filing the matter with district clerk not sufficient to impute knowledge of
pending pleading to trial court). Further, we surmise from the record before us that Respondent has
had no longer than two months within which to rule on the motion to dismiss and the habeas
application. We cannot say that the failure to rule in two months is unreasonable. Finally, as to
Relator’s request that we order Respondent to dismiss the pending charge, we are without
jurisdiction to do so. See Ramirez, 994 S.W.2d at 684.
 
Conclusion
            Relator has failed to establish that he is entitled to mandamus relief. Accordingly, his
petition for writ of mandamus is denied.
 
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered December 7, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.









(PUBLISH)