NO. 07-06-0032-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 25, 2006


______________________________



IN RE BOBBY W. WILLARD, 


 

 Relator

_______________________________



 OPINION ON APPLICATION FOR WRIT OF MANDAMUS 


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Pending before this court is the application of Bobby W. Willard for a writ of
mandamus. He requests that we order the Honorable Bradley S. Underwood, district
judge, to "conduct[] a Hearing or Appoint[] Counsel in His DNA proceeding with attention
to the previous Perjury committed in the initial DNA Proceeding." We deny the application
for the reasons which follow. 

 First, rules of procedure obligate one seeking mandamus relief to accompany his
petition with an appendix. Tex. R. App. P. 52.3(j). The latter must include, among other
things, a certified or sworn copy of the document showing the matter complained of. This
Willard failed to do. Here, the document showing the matter complained of would be the
motion for DNA testing or to appoint counsel. It did not accompany, either separately or
within an appendix, the petition for mandamus relief. And, that Willard may be acting pro
se does not relieve him of complying with the rules of procedure. Holt v. F.F. Enters., 990
S.W.2d 756, 759 (Tex. App.-Amarillo 1998, pet. denied).

 Next, nothing of record indicates that the motion purportedly filed below was brought
to the attention of the district court. Simply put, before mandamus relief may issue, the
petitioner must establish that the district court 1) had a legal duty to perform a
non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. 
O'Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992); In re Chavez, 62
S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig. proceeding). Given this, it is encumbent
upon Willard to illustrate that the district court received and was aware of his motion. (1) This
is so because a court cannot be faulted for doing nothing when it is or was unaware of the
need to act. Here, the record simply indicates that Willard's motion was mailed to the
district clerk. Whether the trial court was ever made aware of it is unknown. Lacking that
information, we cannot simply assume that the district court knew of its duty to act and
neglected to perform it. Thus, Willard has not fulfilled his burden to illustrate that the trial
court refused to act.

 Next, and assuming arguendo that a pleading is brought to the attention of a district
court, the latter has a duty to consider and act upon it. In re Bates, 65 S.W.3d 133, 134-35
(Tex. App.-Amarillo 2001, orig. proceeding); In re Ramirez, 994 S.W.2d 682, 683 (Tex.
App.-San Antonio 1998, orig. proceeding). This is so because the task of considering it
is ministerial. In re Bates, 65 S.W.3d at 134-35; Safety- Kleen Corp. v. Garcia, 945 S.W.2d
268, 269 (Tex. App.-San Antonio 1997, orig. proceeding), quoting O'Donniley v. Golden,
860 S.W.2d at 269-70. However, the court has a reasonable time within which to act. In
re Bates, 65 S.W.3d at 135. And, whether that period lapsed is dependent upon the
circumstances of each case. Id. In other words, no bright line demarcates the boundaries
of a reasonable time period. Id. Many indicia are influential, not the least of which are the
trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the
court's docket, and the existence of other judicial and administrative matters which must
be addressed first. Id. So too must the trial court's inherent power to control its own docket
be included in the mix. In re Bates, 65 S.W.3d at 135; see Ho v. University of Texas at
Arlington, 984 S. W.2d 672, 694-695 (Tex. App.-Amarillo 1998, pet. denied) (holding that
a court has the inherent authority to control its own docket). Since that power is
discretionary, Hoggett v. Brown, 971 S.W.2d 472, 495 (Tex. App.-Houston [14th Dist.]
1997, pet. denied), we must be wary of interfering with its exercise without legitimate basis. 
And, since the party requesting mandamus relief has the burden to provide us with a record
sufficient to establish his right to same, Walker v. Packer, 827 S.W.2d 833, 837 (Tex.
1992); In re Bates, 65 S.W.3d at 135, Willard had the obligation to provide us with a record
establishing that a properly filed motion has awaited disposition for an unreasonable length
of time. He has not done that.

 The record before us merely illustrates that Willard mailed his motion to the clerk in
October of 2005. Yet, no other evidence purporting to touch upon the indicia discussed in
the preceding paragraph appears of record. And, because we do not hold that the district
court's failure to act upon a motion about which it may have no knowledge constitutes
unreasonable delay per se, Willard again has not satisfied his burden of proof.

 Accordingly, the application for writ of mandamus pending before this court is
denied. 


 Brian Quinn 

 Chief Justice 
1. Filing something with the district clerk does not mean the trial court knows of it. Nor is that clerk's
knowledge imputed to the trial court. In re Chavez, 62 S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig.
proceeding). Thus, Willard must prove that the trial court received notice of the pleading. Id. Merely alleging
that something was filed with or mailed to the district clerk does not satisfy that requirement. Id.