IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00285-CV

 

In
re Chad Davis

 

 



Original Proceeding

 



MEMORANDUM  Opinion



 

Relator Chad Davis seeks a writ of
mandamus, complaining that Respondent, the Honorable Steve Smith, Judge of the
361st District Court, has not ruled on his two petitions for expunction that
were filed on June 21, 2006, approximately ninety days before the petition for
writ of mandamus was filed.  See generally Tex. Code Crim. Proc. Ann. arts. 55.01-.06 (Vernon Supp.
2006).

A trial judge has a reasonable time to
perform the ministerial duty of considering and ruling on a motion properly
filed and before the judge.  In re Chavez, 62 S.W.3d 225, 228
(Tex. App.—Amarillo 2001, orig. proceeding); In re Martinez
Ramirez, 994 S.W.2d 682, 683-84 (Tex. App.—San Antonio 1998, orig.
proceeding).  Whether the judge has acted within a reasonable period of time
depends on the circumstances of the case.  See Martinez
Ramirez, 994 S.W.2d at 684.  But that duty generally does not arise until the
movant has brought the motion to the trial judge’s attention, and mandamus will
not lie unless the movant makes such a showing and the trial judge then fails
or refuses to rule within a reasonable time.  See Chavez, 62
S.W.3d at 228.

In response to Davis’s petition for
writ of mandamus, the State, citing In re Ford, asserts that Davis has not shown that he has brought his expunction petitions to the trial judge’s
attention.[1] 
See In re Ford, 2004 WL 2237926 (Tex. App.—San Antonio Oct. 6, 2004,
orig. proceeding) (mem. op.) (holding that movant had not shown he had brought
expunction petition to trial judge’s attention).

We disagree that a party filing an
expunction petition must bring it to the trial court’s attention.  The
expunction statute imposes an independent duty on the trial court to set a
hearing on the petition:  “The court shall set a hearing on the matter
no sooner than thirty days from the filing of the petition and shall give to
each official or agency or other entity named in the petition reasonable notice
of the hearing. . . .”[2] 
Tex. Code Crim. Proc. Ann. art.
55.02, § 2(c) (emphasis added).

We conclude, however, that under the
circumstances of these expunction cases, we cannot say that ninety days is a
reasonable time per se to require a trial court to have set for hearing a
petition for expunction.  See Ford, 2004 WL 2237926 (implying that two
months since filing of expunction petition was not a reasonable time for requiring
the trial court to have acted).  Thus, we deny the petition for writ of
mandamus.

 

 

 

                                                                                    BILL
VANCE

                                                                                    Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

(Chief Justice Gray concurs in the
judgment only, noting he voted to deny the petition when the majority requested
a response.  Further, Chief Justice Gray notes that the time between when the
expunction petition was filed and the mandamus was filed did not change as a
result of requesting a response.)

Petition
denied

Opinion
delivered and filed October 25, 2006

[OT06]









[1]               The
State also asserts that Davis is not entitled to mandamus relief because his expunction
petitions are defective because they are not verified.  See Tex. Code Crim. Proc. Ann. art. 55.02,
§ 2(b) (stating the petition must be verified).  We agree that the expunction
petitions are not verified (and may have other defects pointed out by the
State), but that is not a ground for failing or refusing to set them for
hearing as statutorily required.

 





[2]               Moreover, each of Davis’s transmittal letters that accompanied his expunction petitions requested the
district clerk to “bring it [his petition] to the attention of the court” and
to inform him “when the Court sets this motion for a hearing.”  While the
statute suffices to require the trial court to set a hearing on an expunction,
we would find that Davis’s requests (Davis, a state prison inmate, is
proceeding pro se) in his two letters also suffice to have brought the matters
to the trial court’s attention.








font-family: 'CG Times', serif">      In conducting a factual-sufficiency review, we examine all of the evidence impartially, and
set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). The jury is the judge of the facts and we
will defer to the jury, finding the evidence factually insufficient only where necessary to prevent
manifest injustice. Cain, 958 S.W.2d at 407.
      Gibson made contradicting statements about whether Carter or McQuirter handed the drugs
to her. Relying on this contradiction, Carter argues that the verdict is contrary to the weight of
the evidence. He asserts that, because Gibson testified that McQuirter actually handed the drugs
to her, the evidence does not support his conviction. To the contrary, even assuming that Carter
did not physically deliver the drugs to Gibson, the evidence is sufficient to support a verdict
against him under the law of the parties as charged to the jury.
      The pertinent portion of the charge reads:
Now if you find from the evidence beyond a reasonable doubt that the defendant Alford Lee
Carter Jr., on or about the 15th day of August, 1997, in Freestone County, Texas, did then
and there intentionally or knowingly deliver, by actual transfer to Phylis Gibson or by
constructive transfer


 from Gary McQuirter aka Bam to Phylis Gibson, a controlled substance
namely cocaine in an amount including adulterants and dilutants less than one gram then you
will find the defendant guilty of the offense of Delivery of Controlled Substance namely
cocaine under one gram, or 
 
If you find from the evidence beyond a reasonable doubt that on or about August 15, 1997 in
Freestone County, Texas, Gary McQuirter aka Bam did intentionally or knowingly deliver
a controlled substance by actual transfer to Phylis Gibson namely cocaine of an aggregate
weight including any adulterants or dilutants under one gram, and the defendant Alford Lee
Carter Jr. in the course of such delivery, if any, did then and there with intent to promote or
assist such delivery, if any, from Gary McQuirter aka Bam to Phylis Gibson, aid, solicit, or
encourage Gary McQuirter aka Bam to commit said offense, if any, by taking an order for
said cocaine, if any, from Phylis Gibson, or by delivering money obtained from Phylis Gibson
to Gary McQuirter aka Bam for the purchase of said cocaine, if any, then you will find the
defendant Alford Lee Carter Jr. guilty of the offense of Delivery of a Controlled Substance,
namely cocaine, of an aggregate weight including of any adulterants and dilutants less than
one gram. 

Both Gibson and Sylvest testified that Carter took Gibson’s order for cocaine as well as the money
to purchase it and gave the money to McQuirter for the purchase. This evidence is
uncontroverted. Considering all the evidence, we cannot say that the verdict is so contrary to the
overwhelming weight of the evidence as to be manifestly unjust. Clewis, 922 S.W.2d at 129. The
evidence is factually sufficient to support the verdict. Issue one is overruled.
      The judgment is affirmed.
 
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed January 27, 1999
Do not publish