NO. 07-07-0145-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 20, 2007



______________________________




IN RE DONALD WAYNE SMITH, 



 Relator


_______________________________


 

Opinion on Original Proceeding for Writ of Mandamus



_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 Pending before this court is the application of Donald Wayne Smith for a writ of
mandamus. He requests that we order "Edward Self, . . .District Judge of Hale County
Texas" to "dispose of [Smith's] litigation promptly, efficiently, and fairly." According to his
application, Smith has filed with the trial court, "a motion for nunc pro tunc" on November
14, 2006. We deny the application for the reasons which follow. 

 First, rules of procedure obligate one seeking mandamus relief to accompany his
petition with an appendix. Tex. R. App. P. 52.3(j). The latter must include, among other
things, a certified or sworn copy of the document showing the matter complained of. In this
case, the document showing the matter complained of would be the "motion for nunc pro
tunc." This he failed to do. Also lacking is compliance with other aspects of the same rule. 
For instance, his application contains no identity of the parties and counsel, table of
contents, index of authorities, statement of the case, or statement of the issues presented. 
Rule 52.3 requires one seeking extraordinary relief, such as a writ of mandamus, to include
those matters in his petition. And, that Smith may be acting pro se does not relieve him
of complying with the rules of procedure. Holt v. F.F. Enters., 990 S.W.2d 756, 759 (Tex.
App.-Amarillo 1998, pet. denied).

 Second, nothing of record indicates that the motion purportedly filed below was
brought to the attention of the district court. Simply put, before mandamus relief may
issue, the petitioner must establish that the district court 1) had a legal duty to perform a
non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. 
O'Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992); In re Chavez, 62
S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig. proceeding). Given this, it is encumbent
upon Smith to illustrate that the district court received and was aware of his motion. (1) This
is so because a court cannot be faulted for doing nothing when it is or was unaware of the
need to act. Here, the record simply indicates that Smith's motion was filed with the "242nd
District Court." Whether the trial court was ever made aware of it is unknown. Lacking that
information, we cannot simply assume that the district court knew of its duty to act and
neglected to perform it. Thus, Smith has not fulfilled his burden to illustrate that the trial
court refused to act.

 Third, and assuming arguendo that a pleading is brought to the attention of a district
court, the latter has a duty to consider and act upon it. In re Bates, 65 S.W.3d 133, 134-35
(Tex. App.-Amarillo 2001, orig. proceeding); In re Ramirez, 994 S.W.2d 682, 683 (Tex.
App.-San Antonio 1998, orig. proceeding). This is so because the task of considering it
is ministerial. In re Bates, 65 S.W.3d at 134-35; Safety-Kleen Corp. v. Garcia, 945 S.W.2d
268, 269 (Tex. App.-San Antonio 1997, orig. proceeding), quoting O'Donniley v. Golden,
860 S.W.2d 267, 269-70 (Tex. App.-Tyler 1993, orig. proceeding). However, the court has
a reasonable time within which to act. In re Bates, 65 S.W.3d at 135. And, whether that
period lapsed is dependent upon the circumstances of each case. Id. In other words, no
bright line demarcates the boundaries of a reasonable time period. Id. Many indicia are
influential, not the least of which are the trial court's actual knowledge of the motion, its
overt refusal to act on same, the state of the court's docket, and the existence of other
judicial and administrative matters which must be addressed first. Id. So too must the trial
court's inherent power to control its own docket be included in the mix. In re Bates, 65
S.W.3d at 135; see Ho v. University of Texas at Arlington, 984 S.W.2d 672, 694-695 (Tex.
App.-Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control
its own docket). Since that power is discretionary, Hoggett v. Brown, 971 S.W.2d 472, 495
(Tex. App.-Houston [14th Dist.] 1997, pet. denied), we must be wary of interfering with its
exercise without legitimate basis. And, since the party requesting mandamus relief has the
burden to provide us with a record sufficient to establish his right to same, Walker v.
Packer, 827 S.W.2d 833, 837 (Tex. 1992); In re Bates, 65 S.W.3d at 135, Smith had the
obligation to provide us with a record establishing that a properly filed motion has awaited
disposition for an unreasonable length of time. He has not done that. 

 The record before us merely illustrates that Smith purportedly filed his motion with
the 242nd District Court on November 14, 2006. Yet, no other evidence purporting to touch
upon the indicia discussed in the preceding paragraph appears of record. And, because
we do not hold that the district court's failure to act upon a motion about which it may have
no knowledge constitutes unreasonable delay per se, Smith again has not satisfied his
burden of proof. 

 Accordingly, the application for writ of mandamus pending before this court is
denied.

 

 Brian Quinn 

 Chief Justice 
1. Filing something with the district clerk does not mean the trial court knows of it. Nor is that clerk's
knowledge imputed to the trial court. In re Chavez, 62 S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig.
proceeding). Thus, Smith must prove that the trial court received notice of the pleading. Id. Merely alleging
that something was filed with or mailed to the district clerk does not satisfy that requirement. Id.



d="false" Name="Medium List 1 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00267-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



MAY
11, 2011

 



 

DONALD WAYNE MASON, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 47TH DISTRICT COURT OF
POTTER COUNTY;

 

NO. 57,197-A; HONORABLE RICHARD DAMBOLD, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

OPINION

 

The
motion for rehearing of appellant Donald Wayne Mason is denied.  We withdraw our opinion and judgment of April
14, 2011, and substitute the following. 

A jury
convicted appellant of driving while intoxicated,[1]
enhanced by two prior convictions for driving while intoxicated.  The trial court sentenced appellant to
twenty-five years in prison.[2]  On appeal, appellant argues he was denied
equal protection of law and due process and due course of law by the trial
courts order denying his ex parte
pretrial motion for appointment of an expert. 
Appellant further contends without appointment of an expert he was
constructively denied effective assistance of counsel.  Finding no error by the trial court, we will
affirm. 

Background

            A
witness testified he saw a van driven by appellant hit a stop sign and run over
a mailbox.  Because of a flat tire, the
van was unable to leave the scene.  The
witness observed appellant and his passenger outside the vehicle.  In his opinion, they could hardly stand.  He immediately telephoned 911 because he
knew they were intoxicated.  Meanwhile,
a pedestrian approached the van and changed the flat tire for cash.  Appellant and his passenger then drove the
van from the scene.  

When police arrived the witness gave
officers the license plate number of the van as well as a description of the
vehicle and appellant.  Shortly
thereafter an officer saw a van fitting the description.  Before the officer reached the vehicle it
parked on the street.  The officer
approached the drivers side and told appellant to step out of the
vehicle.  The officer noted a strong
odor of an alcoholic beverage coming from appellant and the interior of the
vehicle.  The officer described
appellants speech as very slurred, hard to understand.  The passenger, according to the officer, also
smelled of alcohol and presented slurred speech.

Inside the van, police found nine
one-quart beer bottles.  Three bottles
were empty, one was three-fourths empty, one was three-fourths full, and four
were full.  Appellant told the officer he
had consumed two and one-half to three quarts of beer.  He did not specify a time interval for his
consumption.  The officer opined at trial
that appellant and his passenger were intoxicated.

While appellant was detained, a
second officer arrived at the location. 
He testified appellant presented a strong odor of alcoholic beverage,
appeared to lack balance, and swayed.  In
that officers opinion, appellant was intoxicated.

A third officer arrived at the
scene.  He testified appellants breath
smelled of alcohol and he had difficulty standing.  The officer could not recall the intensity of
the odor of alcohol.  He administered a
horizontal gaze nystagmus test (HGN) and observed all six clues of
intoxication.  At trial, he expressed the
opinion that appellant was intoxicated.

Appellant was arrested and taken to
the county jail.  There he voluntarily
submitted to a breath test which indicated an alcohol concentration of 0.097
and 0.095. Because appellant was involved in an accident police took him to a
local hospital for examination.  While at
the hospital, some five hours after his initial detention, appellant
voluntarily provided a blood sample.  The
result indicated a blood-alcohol concentration of 0.04.

In addition to the testimony of the
witness and police officers, the jury saw video recordings of appellant at the
time of arrest and later the same day at the county jail.  Appellants younger brother testified for appellant.  He was age fifty-two and appellant age
sixty-eight.  Appellant was involved in
an accident before the witnesss birth which left appellant with a speech
impairment.  According to his brother,
appellants speech is slurred and sometimes hard to understand.  He added appellant has equilibrium problems
and twice fractured a bone in his ankle due to his gait.  On cross-examination, he denied appellant
drinks on a regular basis.

Consistent with the indictment, the
jury charge authorized a finding that appellant was intoxicated under the per
se definition of intoxication--that his alcohol concentration was 0.08 or
more--or under the impairment theory--that he did not have the normal use of
his mental or physical faculties by reason of the introduction of alcohol into
his body.[3]  The jury found appellant guilty and the trial
court sentenced him to confinement in prison for twenty-five years.

Analysis

Through three issues, appellant
argues the trial courts denial of his request for an expert denied him equal
protection of law, due process of law and due course of law, and effective
assistance of counsel.  We turn first to
appellants constitutional claims.

We review the trial courts failure
to appoint an expert witness for an abuse of discretion.  See
Deason v. State, 84 S.W.3d 793, 796 (Tex.App.--Houston [1st Dist.] 2002,
pet. refused) (citing Griffith v. State,
983 S.W.2d 282, 287 (Tex.Crim.App. 1998)). Constitutional entitlement to a
court-appointed expert required appellant to make a sufficient preliminary
showing before the trial court that the subject of the experts testimony would
likely be a significant factor at trial. 
Ake v. Oklahoma, 470 U.S. 68,
74, 105 S.Ct. 1087, 1091-92, 84 L.Ed.2d 53 (1985); see Rey v. State, 897 S.W.2d 333, 338 (Tex.Crim.App. 1995) (while Ake concerned appointment of a
psychiatrist, field of expertise is not decisive; rather, question is
importance of scientific issue in case and degree of assistance defense expert
could provide).  The threshold showing under
Ake requires more than undeveloped
assertions that the requested assistance would be beneficial.  Williams
v. State, 958 S.W.2d 186, 192 (Tex.Crim.App. 1997) (citing Caldwell v. Mississippi, 472 U.S. 320,
323-24 n.1, 86 L.Ed.2d 231, 105 S.Ct. 2633 (1985)).  Mere conclusions of defense counsel will not
suffice.  Norton v. State, 930 S.W.2d 101, 111 (Tex.App.--Amarillo 1996, pet.
refused).  Rather, the defendant must
demonstrate a reasonable probability an expert will provide assistance and
denial of expert assistance will cause a fundamentally unfair trial.  Id. at
106-07; Davis v. State, 905 S.W.2d
655, 659 (Tex.App.--Texarkana 1995, pet. refused) (citing Moore v. Kemp, 809 F.2d 702, 712 (11th Cir. 1987)).  This requires proof by the defendant of his
defensive theory supported with factual allegations or evidence of how the
requested expert testimony will support the theory. See Rey, 897 S.W.2d at 341 (discussing cases where a sufficient
preliminary showing under Ake was not
made).  There is no error in refusing to
appoint an expert witness to assist an indigent defendant in rebutting a type
of expert opinion that the States witness did not present.  Jackson
v. State, 992 S.W.2d 469, 474 n.5 (Tex.Crim.App. 1999) (citing Griffith v. State, 983 S.W.2d 282
(Tex.Crim.App. 1998)).  The reasonableness
of the trial courts decision is determined as of the time it was made.  Rey,
897 S.W.2d at 342 n.9.

Over one year before trial, appellant
filed an ex parte motion requesting
appointment of Gary H. Wimbish, Ph.D., as an expert.  Appellant identified Dr. Wimbish as a
forensic toxicologist.  According to the
motion, appellants blood-alcohol level was an issue in the case and neither he
nor his counsel was knowledgeable in the aforesaid sciences to determine and
assess the significance of the facts surrounding these potential issues.  The intended function of Dr. Wimbish was to
administer the necessary tests which will provide us with information as to
proper extrapolation of blood/alcohol levels of defendant.  Should the testing so indicate, the Defense
would then require expert testimony of [Dr. Wimbish] at the trial.  In the prayer, appellant requested expert
assistance for the investigation, evaluation, preparation and presentation of
his case.  The motion was not supported
by affidavits or other evidence and we have no record of a hearing.  The trial court denied the motion.  

Nothing further concerning the motion
appears of record until the day trial began. 
During the hearing of pretrial motions appellants counsel notified the
court that appellant wished to re-urge the motion for appointment of an
expert.  The court verbally denied the
request.  Appellant then asked for
additional time to hire an expert at his own expense.  The court ruled appellant could not have a
continuance but was free to hire an expert. 
The State indicated it had no objection to appellants use of an
expert.  Appellant did not offer the
testimony of an expert at trial.

Fairly read, appellants motion
sought expert assistance on a narrow ground, testing to provide information for
proper extrapolation of appellants blood-alcohol concentration and possible
trial testimony conditioned on the testing results.  There is no record indication the State
intended to offer retrograde extrapolation opinion testimony requiring expert
rebuttal by appellant.[4]  In other words, there was no proof before the
trial court at the time it considered appellants motion that the State
intended to present extrapolation opinion evidence of appellants blood-alcohol
concentration.  At trial, the State
offered witnesses supporting both the per se and impairment theories of
intoxication.  But the State offered no
expert opinion of appellants blood-alcohol level at the time of driving based
on the process of retrograde extrapolation.

Nor did appellant give the trial
court any basis for a conclusion that extrapolation opinion evidence would be a
significant factor in his case at trial. 
The motion itself contained no facts supporting such a conclusion and,
as noted, no affidavit or other evidence appears in the record before us.  The court cannot be said to have erred by
failing to appoint appellant an expert on extrapolation.  

If his request for an expert is read
more broadly, appellant offered the trial court no explanation of the claim
that an expert was needed for a determination of whether the Defendant may
raise and prevail on certain defensive issues. 
Appellant presented no explanation of his defensive theory, how an
expert would be useful in establishing the theory, or a reason to question a
States expert and proof.  See Rey, 897 S.W.2d at 341 (citing State v. Edwards, 868 S.W.2d 682, 697-98
(Tenn.Crim.App. 1993) (while identity was obvious issue defendant did not
make sufficient preliminary showing for a DNA expert as he did not disclose
defense proof and gave no indication of potential misidentification as to
specific charges)).  We conclude
appellant did not meet the threshold requirement for appointment of the
requested expert.  

On this record, we perceive no abuse
of discretion in the trial courts denial of the requested assistance of a
court-appointed expert, and thus conclude appellant did not suffer the
complained-of constitutional harm.  See Rey 897 S.W.2d at 341; Wiley v. State, 74 S.W.3d 399, 408
(Tex.Crim.App. 2002) (concluding appellant was not deprived constitutional
right to present defense because trial court did not abuse its discretion in
excluding evidence under Texas Rule of Evidence 403).

We overrule appellants first and
second issues.

            By
his third issue, appellant asserts he was constructively denied effective
assistance of counsel by the trial courts failure to appoint an expert.  Because we have found appellant was not
entitled to appointment of an expert, an analysis of this issue is unnecessary
to the final disposition of this appeal. 
Tex. R. App. P. 47.1. 

 

 

Conclusion

            Having
overruled appellants issues, we affirm the trial courts judgment.

 

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Publish.

 











[1]  Tex. Penal
Code Ann. § 49.04(a) (West 2003).

 





[2] The offense was enhanced to a third degree felony by
Penal Code § 49.09(b)(2) and the range of punishment increased to a term of 25
to 99 years in prison by Penal Code § 12.42(d). Tex. Penal Code Ann. §§ 49.09(b)(2)
& 12.42(d) (West Supp. 2010).





[3]  See Tex. Penal Code Ann. § 49.01(2)
(West 2003). 





[4] Retrograde extrapolation is the computation back in
time of blood-alcohol level-that is, the estimation of the level at the time of
driving based on a test result from some later time. Mata v. State, 46 S.W.3d 902, 908-09 (Tex.Crim.App. 2001).  Following this procedure, an expert
possessing sufficient information concerning such variables as an individuals
weight, age, mental state, drinking pattern, type and amount of alcohol
consumed, amount of food in the stomach, and the time period of alcohol
consumption, can reliably estimate a persons blood-alcohol concentration at
the time of driving. See Kirsch v. State,
306 S.W.3d 738, 745 n.19 (Tex.Crim.App. 2010) (explaining Mata).  But the process also
presents limitations and pitfalls which laymen and courts often fail to
appreciate.  Id.