NO.
12-07-00358-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

IN RE: MICHAEL ANTHONY MOORE,

RELATOR     §          ORIGINAL
PROCEEDING

 

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            In this
original mandamus proceeding, Michael Anthony Moore complains that Janice
Staples, District Clerk of Anderson County, Texas, has not sent him file marked
copies of the motions he mailed to her on September 10, 2007.  He further complains that the trial court has
not yet ruled on his motions.  We dismiss
the petition for want of jurisdiction in part and deny in part.

 

District
Clerk

            A court of
appeals has the authority to issue writs of mandamus against a judge of a
district or county in the court of appeals district and all writs necessary to
enforce its jurisdiction.  Tex. Gov't Code Ann. § 22.221 (Vernon
2004).  In order for a district clerk to
fall within our jurisdictional reach, it must be established that the issuance
of the writ of mandamus is necessary to enforce our jurisdiction.  See id.; In re Coronado,
980 S.W.2d 691, 692-93 (Tex. App.–San Antonio 1998, orig. proceeding).  Moore has not demonstrated that the exercise
of our mandamus authority against Staples is appropriate to enforce our
jurisdiction.  Consequently, we have no
authority to issue a writ of mandamus.  See
In re Moore, No. 12-07-00341-CV, 2007 WL 2713769, at *1 (Tex. App.–Tyler
Sept. 19, 2007, orig. proceeding).  

 

Trial Court

            Courts of
appeals have the power to compel a trial court to rule on pending motions.  In re Ramirez, 994 S.W.2d 682,
684 (Tex. App.–San Antonio 1998, orig. proceeding).  Before mandamus  may issue to require a trial court to rule on
a motion, the relator must establish that the court was asked to perform the
act and failed or refused to do so within a reasonable time.  See Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex. App.– San Antonio 1997, orig. proceeding).  Moore alleges that he mailed his motions to
the district clerk on September 10, 2007, but makes no showing that the trial
court has had a reasonable time to consider and rule on the motions.  Nor does he show that he called the trial
court's attention to the motions or requested that hearings be set to determine
their merit.  Therefore, Moore has failed
to show that the trial court has abused its discretion by failing to rule on
the motions.  See In re Villareal,
96 S .W.3d 708, 710 (Tex. App.–Amarillo 2003, orig. proceeding).

Conclusion

            We are
without jurisdiction to issue a writ of mandamus against the district clerk,
and Moore has not shown any abuse of discretion by the trial court.  Accordingly, the petition for writ of
mandamus is dismissed for want of jurisdiction as to the district
clerk and denied as to the trial court.

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion delivered October 11,
2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

(PUBLISH)