NO.
12-07-00362-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

§          

IN RE: FRANKIE WILLIAMS,

RELATOR     §          ORIGINAL
PROCEEDING

 

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Frankie
Williams seeks a writ of mandamus ordering the trial court to rule on a motion
Williams alleges he filed on or about July 2007, in which he sought a nunc pro
tunc judgment.  Williams explains that he
was charged with manufacture of a controlled substance and pleaded guilty to
possession of a controlled substance pursuant to a plea bargain.  According to Williams, the plea agreement
provided that the manufacture of a controlled substance charge would be removed
from his “inst. record(s), files, and parole file.”  He further alleges that this did not occur,
which prompted the filing of his motion for nunc pro tunc judgment.

            To obtain
mandamus relief in a criminal case, the relator must establish that (1) the act
sought to be compelled is ministerial and (2) there is no adequate remedy at
law.  Dickens v. Second Court of
Appeals, 727 S.W.2d 542, 548 (Tex. Crim. App.1987) (orig.
proceeding).  When a motion is properly
filed and pending before a trial court, the act of giving consideration to and
ruling upon that motion is a ministerial act, and mandamus may issue to compel
the trial court to act.  In re
Ramirez, 994 S.W.2d 682, 683 (Tex. App.-San Antonio 1998, orig.
proceeding).  A trial court is required
to consider and rule on a motion within a reasonable time.  Id.  

            For mandamus
to issue requiring a trial court to rule on a pending motion, the relator must also
establish that the trial court was asked to perform the act but failed or
refused to do so.   O'Connor v. First Court of Appeals,
837 S.W.2d 94, 97 (Tex.1992) (orig. proceeding).  Where the relator makes the requisite
showing, we have jurisdiction to direct the trial court to rule on the motion,
but we may not order the trial court to make a particular ruling.  See id. at 684.

            Williams has
not filed a record in support of his petition. 
See Tex. R. App. P. 52.7(a)
(requiring record to be filed with petition and prescribing contents of
record).  Consequently, Williams’s
petition does not demonstrate that his motion was filed with the trial court,
that the motion was called to the trial court’s attention or presented to the
trial court for a ruling, or that the trial court refused to rule on the
motion.  Thus, Williams has not shown
that he is entitled to mandamus relief. 
Accordingly, the petition for writ of mandamus is denied.

 

                                                                                                     SAM GRIFFITH    

                                                                                                              Justice

Opinion delivered October 11,
2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)