NO.
12-07-00417-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

 

IN RE: JASON BURROW,  §          ORIGINAL
PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            In this
original mandamus proceeding, Jason Burrow alleges that in 2004 he was charged
with burglary of a habitation and that the case remains pending on the trial
court’s docket.  He alleges further that
he has filed “countless motions for bench warrants” with the district clerk,
but has received no response to his motions. 
He seeks a writ of mandamus requiring the Smith County District Clerk
and the trial court “to process his pleadings pending before it so that a proper
ruling can be made in the interest of justice.”[1]  We deny the petition.      

            To
demonstrate this court’s authority to issue a writ of mandamus against a
district clerk, a relator must show that the issuance of the writ is necessary
to enforce the court’s jurisdiction.  See
Tex. Gov't Code Ann. § 22.221
(Vernon 2004); In re Coronado, 980 S.W.2d 691, 692-93 (Tex. App.–San
Antonio 1998, orig. proceeding).  Burrow
merely alleges that the district clerk has not responded to his motions for a
bench warrant.  He has not stated what
response the district clerk is required to make or how the failure to make any
such response affects this court’s jurisdiction.  Consequently, we have no authority to issue a
writ of mandamus against the district clerk. 


            A court of
appeals has the authority to issue writs of mandamus against a judge of a
district or county in the court of appeals district and all writs necessary to
enforce its jurisdiction.  Tex. Gov't Code Ann. § 22.221(b)
(Vernon 2004).  Courts of appeals have
the power to compel a trial court to rule on pending motions.  In re Ramirez, 994 S.W.2d 682,
684 (Tex. App.–San Antonio 1998, orig. proceeding).  Before mandamus may issue to require a trial
court to rule on a motion, the relator must establish that the court was asked
to perform the act and failed or refused to do so within a reasonable
time.  See Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig.
proceeding).  Burrow has not filed a
record in this proceeding as required by Texas Rule of Appellate Procedure
52.7.  Consequently, we cannot review any
motions he has filed nor can we determine whether he has called the trial court’s
attention to the motions or requested that hearings be set to determine their
merit.  Therefore, Burrow has failed to
show that the trial court has abused its discretion by failing to rule on the
motions.  See In re Villareal,
96 S.W.3d 708, 710 (Tex. App.–Amarillo 2003, orig. proceeding).  

            We are
without jurisdiction to issue a writ of mandamus against the district clerk,
and Burrow has not shown any abuse of discretion by the trial court.  Accordingly, the petition for writ of
mandamus is dismissed for want of jurisdiction as to the district clerk
and denied as to the trial court.

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion delivered November
30, 2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] The
respondents are Lois Rogers, Smith County District Clerk and the Honorable Jack
Skeen, Jr., Judge of the 241st Judicial District Court, Smith County, Texas.