

# NUMBER 13-10-00039-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: ROLANDO ALMENDAREZ

## On Petition for Writ of Mandamus

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion Per Curiam

Relator, Rolando Almendarez, has filed a petition for writ of mandamus in which he requests that this Court direct respondent, the Honorable Roberto "Bobby" Flores, presiding judge of the 139th Judicial District Court of Hidalgo County, Texas, to hold a hearing and rule on Almendarez's petition for expunction of records filed pursuant to chapter 55 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 55.01-.06 (Vernon Supp. 2009). On February 3, 2010, we ordered the real parties in interest—the State of Texas by and through the Criminal District Attorney of Hidalgo County, Texas, as well as any other agency or entity that may have records or files subject to expunction[1]—to file any response to Almendarez's petition for writ of mandamus on or

---

[1] In his expunction petition, Almendarez named the following parties as entities that may have records and files subject to expunction: Texas Board of Pardons and Paroles, Texas Department of Public Safety, Texas Department of Criminal Justice–Internal Affairs Division, Texas Department of Criminal Justice–Classification and Records Office, Texas Department of Criminal Justice–Parole Division, Hidalgo

before 5:00 p.m., Tuesday, February 16, 2010. No response has been filed. Having fully considered Almendarez's petition and the applicable law, we conditionally grant the petition.

The following underlying facts are set forth in Almendarez's petition for writ of mandamus: (1) on or about September 20, 2005, Almendarez was arrested and charged with the offense of assault in Hidalgo County Court at Law Number 1,[2] *see* TEX. PENAL CODE ANN. § 22.01 (Vernon Supp. 2009); (2) on November 16, 2005, the county court dismissed the assault charge; (3) on August 19, 2009, Almendarez filed a petition for expunction of records with the 139th District Court[3] in which he requested that the records related to the assault charge be expunged; and (4) the district court has "failed or refused" to rule on his petition for expunction of records.

Mandamus will issue to correct a clear abuse of discretion for which the remedy by appeal is inadequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner, when it acts without reference to guiding rules and principles, or when it clearly fails to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). In general, a trial judge has a "reasonable time" to perform the ministerial duty of considering and ruling on a properly filed motion. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Whether the judge has acted within a reasonable period of time depends on the circumstances of the case. *In re Ramirez*, 994 S.W.2d 682, 683-84 (Tex. App.–San Antonio 1998, orig. proceeding). Under article 55.02 of the code of criminal procedure, the

County Sheriff's Office, and Hidalgo County District Clerk.

[2] Trial court cause number CR-05-11643-A.

[3] Trial court cause number C-2329-09-C. If the trial court presiding over the case which the petitioner seeks to have expunged was not a district court, then a petition for expunction of records must be filed in a district court in the county in which the trial court is located. TEX. CODE CRIM. PROC. ANN. art. 55.02, § 1 (Vernon Supp. 2009).

2

trial court "*shall* set a hearing on the [expunction petition] no sooner than thirty days from the filing of the petition and shall give to each official or agency or other governmental entity named in the petition reasonable notice of the hearing . . . ." TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c) (emphasis added).

Almendarez filed a previous petition for writ of mandamus with this Court on November 20, 2009, in which he made substantially the same arguments as in the instant petition. *In re Almendarez*, 2009 Tex. App. LEXIS 9052, at *1 (Tex. App.–Corpus Christi Nov. 24, 2009, orig. proceeding). We noted in that case that, "[i]n the expunction context, delays up to and including three months have been determined by courts not to be unreasonable." *Id.* at *2-3 (citing *In re Burden*, No. 06-08-00013-CV, 2008 Tex. App. LEXIS 610, at *4-6 (Tex. App.–Texarkana Jan. 30, 2008, orig. proceeding) (mem. op.); *In re Davis*, No. 10-06-00285-CV, 2006 Tex. App. LEXIS 9263, at *4 (Tex. App.–Waco Oct. 25, 2006, orig. proceeding) (mem. op.); *In re Ford*, No. 04-04-00659-CV, 2004 Tex. App. LEXIS 8869, at *3 (Tex. App.–San Antonio Oct. 6, 2004, orig. proceeding) (mem. op.)). At that time, the trial court's delay in ruling on Almendarez's motion had lasted only, at most, three months. *Id.* at *3. Because of this fact, and the fact that Almendarez did not attach his expunction petition or the clerk's record to his mandamus petition, we denied mandamus relief. *Id.* at *3-4.

Since we issued that opinion, several additional months have passed. Moreover, Almendarez has attached a copy of his expunction petition to the instant petition for writ of mandamus. The file stamp on the expunction petition confirms Almendarez's assertion that the expunction petition was filed on August 19, 2009.[4] Considering all the

---

[4] Almendarez did not, in his petition for writ of mandamus, indicate whether or not he brought the petition for expunction to the trial court's attention. This is immaterial, however, given the fact that the expunction statute imposes an independent duty on the trial court to set a hearing on all petitions for expunction that are filed. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c) (Vernon Supp. 2009) ("The court *shall* set a hearing on the matter no sooner than thirty days from the filing of the petition . . . .") (emphasis added); *see also In re Davis*, No. 10-06-00285-CV, 2006 Tex. App. LEXIS 9263, at *3 (Tex. App.–Waco Oct. 25, 2006, orig. proceeding) (mem. op.) ("We disagree that a party filing an expunction petition must bring it to the trial court's attention.").

circumstances, we conclude that the trial court has clearly abused its discretion, leaving Almendarez without an adequate appellate remedy, by failing to rule on Almendarez's petition for expunction of records for over six months after the petition was filed. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c).

Accordingly, we conditionally grant the petition for writ of mandamus and hereby direct the trial court to hold a hearing and rule on Almendarez's petition for expunction of records within thirty days of the date of this opinion. The writ will issue only if the trial court fails to comply.

PER CURIAM

Delivered and filed the
8th day of March, 2010.