NUMBER 13-10-00039-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN RE: ROLANDO ALMENDAREZ

 


On Petition for Writ of Mandamus

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Benavides

Memorandum Opinion Per Curiam


 Relator, Rolando Almendarez, has filed a petition for writ of mandamus in which he
requests that this Court direct respondent, the Honorable Roberto "Bobby" Flores,
presiding judge of the 139th Judicial District Court of Hidalgo County, Texas, to hold a
hearing and rule on Almendarez's petition for expunction of records filed pursuant to
chapter 55 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann.
arts. 55.01-.06 (Vernon Supp. 2009). On February 3, 2010, we ordered the real parties in
interest--the State of Texas by and through the Criminal District Attorney of Hidalgo
County, Texas, as well as any other agency or entity that may have records or files subject
to expunction (1)--to file any response to Almendarez's petition for writ of mandamus on or
before 5:00 p.m., Tuesday, February 16, 2010. No response has been filed. Having fully
considered Almendarez's petition and the applicable law, we conditionally grant the
petition.

 The following underlying facts are set forth in Almendarez's petition for writ of
mandamus: (1) on or about September 20, 2005, Almendarez was arrested and charged
with the offense of assault in Hidalgo County Court at Law Number 1, (2) see Tex. Penal
Code Ann. § 22.01 (Vernon Supp. 2009); (2) on November 16, 2005, the county court
dismissed the assault charge; (3) on August 19, 2009, Almendarez filed a petition for
expunction of records with the 139th District Court (3) in which he requested that the records
related to the assault charge be expunged; and (4) the district court has "failed or refused"
to rule on his petition for expunction of records.

 Mandamus will issue to correct a clear abuse of discretion for which the remedy by
appeal is inadequate. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex.
2004). A trial court abuses its discretion when it acts in an unreasonable or arbitrary
manner, when it acts without reference to guiding rules and principles, or when it clearly
fails to analyze or apply the law correctly. Walker v. Packer, 827 S.W.2d 833, 840 (Tex.
1992); Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). In general, a trial
judge has a "reasonable time" to perform the ministerial duty of considering and ruling on
a properly filed motion. In re Chavez, 62 S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig.
proceeding). Whether the judge has acted within a reasonable period of time depends on
the circumstances of the case. In re Ramirez, 994 S.W.2d 682, 683-84 (Tex. App.-San
Antonio 1998, orig. proceeding). Under article 55.02 of the code of criminal procedure, the
trial court "shall set a hearing on the [expunction petition] no sooner than thirty days from
the filing of the petition and shall give to each official or agency or other governmental
entity named in the petition reasonable notice of the hearing . . . ." Tex. Code Crim. Proc.
Ann. art. 55.02, § 2(c) (emphasis added).

 Almendarez filed a previous petition for writ of mandamus with this Court on
November 20, 2009, in which he made substantially the same arguments as in the instant
petition. In re Almendarez, 2009 Tex. App. LEXIS 9052, at *1 (Tex. App.-Corpus Christi
Nov. 24, 2009, orig. proceeding). We noted in that case that, "[i]n the expunction context,
delays up to and including three months have been determined by courts not to be
unreasonable." Id. at *2-3 (citing In re Burden, No. 06-08-00013-CV, 2008 Tex. App.
LEXIS 610, at *4-6 (Tex. App.-Texarkana Jan. 30, 2008, orig. proceeding) (mem. op.); In
re Davis, No. 10-06-00285-CV, 2006 Tex. App. LEXIS 9263, at *4 (Tex. App.-Waco Oct.
25, 2006, orig. proceeding) (mem. op.); In re Ford, No. 04-04-00659-CV, 2004 Tex. App.
LEXIS 8869, at *3 (Tex. App.-San Antonio Oct. 6, 2004, orig. proceeding) (mem. op.)). 
At that time, the trial court's delay in ruling on Almendarez's motion had lasted only, at
most, three months. Id. at *3. Because of this fact, and the fact that Almendarez did not
attach his expunction petition or the clerk's record to his mandamus petition, we denied
mandamus relief. Id. at *3-4.

 Since we issued that opinion, several additional months have passed. Moreover,
Almendarez has attached a copy of his expunction petition to the instant petition for writ
of mandamus. The file stamp on the expunction petition confirms Almendarez's assertion
that the expunction petition was filed on August 19, 2009. (4) Considering all the
circumstances, we conclude that the trial court has clearly abused its discretion, leaving
Almendarez without an adequate appellate remedy, by failing to rule on Almendarez's
petition for expunction of records for over six months after the petition was filed. See Tex.
Code Crim. Proc. Ann. art. 55.02, § 2(c).

 Accordingly, we conditionally grant the petition for writ of mandamus and hereby
direct the trial court to hold a hearing and rule on Almendarez's petition for expunction of
records within thirty days of the date of this opinion. The writ will issue only if the trial court
fails to comply.


 PER CURIAM


Delivered and filed the

8th day of March, 2010.
1. In his expunction petition, Almendarez named the following parties as entities that may have records
and files subject to expunction: Texas Board of Pardons and Paroles, Texas Department of Public Safety,
Texas Department of Criminal Justice-Internal Affairs Division, Texas Department of Criminal
Justice-Classification and Records Office, Texas Department of Criminal Justice-Parole Division, Hidalgo
County Sheriff's Office, and Hidalgo County District Clerk.
2. Trial court cause number CR-05-11643-A.
3. Trial court cause number C-2329-09-C. If the trial court presiding over the case which the petitioner
seeks to have expunged was not a district court, then a petition for expunction of records must be filed in a
district court in the county in which the trial court is located. Tex. Code Crim. Proc. Ann. art. 55.02, § 1
(Vernon Supp. 2009).
4. Almendarez did not, in his petition for writ of mandamus, indicate whether or not he brought the
petition for expunction to the trial court's attention. This is immaterial, however, given the fact that the
expunction statute imposes an independent duty on the trial court to set a hearing on all petitions for
expunction that are filed. See Tex. Code Crim. Proc. Ann. art. 55.02, § 2(c) (Vernon Supp. 2009) ("The court
shall set a hearing on the matter no sooner than thirty days from the filing of the petition . . . .") (emphasis
added); see also In re Davis, No. 10-06-00285-CV, 2006 Tex. App. LEXIS 9263, at *3 (Tex. App.-Waco Oct.
25, 2006, orig. proceeding) (mem. op.) ("We disagree that a party filing an expunction petition must bring it
to the trial court's attention.").