

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00123-CR

## IN RE JOHN LAWRENCE MONK

_____

## Original Proceeding

_____

## MEMORANDUM  OPINION

_____

In this original proceeding, Relator John Lawrence Monk seeks mandamus relief against the respondent trial judge on the allegation that the trial court has failed to rule on Monk's motion for DNA testing and his motion for appointment of counsel in that proceeding.  Monk complains that he cannot appeal the trial judge's ruling without a written order denying his motion.

Monk asserts that the motion for DNA testing was filed on April 30, 2009, but his record does not contain that motion.  A certified copy of the motion for appointment of counsel shows that it was filed on May 4, 2009, so we assume that the motion for DNA testing was filed on or about that date as well.  Monk's record also includes a certified copy of the State's proposed findings of fact and conclusions of law and proposed order

denying DNA testing and appointment of counsel. Monk asserts that he received that document on May 28, 2009.

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Martinez Ramirez*, 994 S.W.2d 682, 683-84 (Tex. App.—San Antonio 1998, orig. proceeding). But that duty generally does not arise until the movant has brought the motion to the trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *See Chavez*, 62 S.W.3d at 228.

Monk's record contains certified copies of two letters, dated August 28, 2009 and September 9, 2009, respectively. Each letter is addressed to "Dear Sir/Madam," and each requests that the matter be brought to the trial judge's attention and that a written order be entered on Monk's motion for DNA testing because he cannot appeal in the absence of an order. Because these letters do not disclose the addressee, we cannot say that the matter has been brought to the trial judge's attention. Moreover, mere filing of a pleading or letter with the clerk does not impute knowledge to the trial court. *See In re Flores*, No. 04-03-00449-CV, 2003 WL 21480964 (Tex. App.—San Antonio June 25, 2003, orig. proceeding). The record thus does not show that Monk has brought the matter to the attention of the trial judge.

Because Monk has not shown he is entitled to relief on the record before us, we deny the petition for writ of mandamus.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Petition denied
Opinion delivered and filed May 19, 2010
Do not publish
[OT06]