

**IN THE**

**TENTH COURT OF APPEALS**

————————

**No. 10-12-00093-CV**

**IN RE GORDON R. SIMMONDS**

————————

**Original Proceeding**

————————

**MEMORANDUM OPINION**

Relator, Gordon R. Simmonds, filed a petition for writ of mandamus, arguing that the respondent, Judge Donald L. Kraemer of the 12th Judicial District Court, clearly abused his discretion by failing to consider and rule upon relator's motion to sever within a reasonable time. For the reasons stated herein, we deny relator's petition for writ of mandamus.[1]

---

[1] In addition to his mandamus petition, relator has filed several motions: (1) a motion to file only the original of his mandamus petition; and (2) a motion to proceed in forma pauperis. In light of our opinion, we grant relator's motion to proceed in forma pauperis, and we dismiss relator's remaining motion as moot.

# I. BACKGROUND

In 2007, relator filed a lawsuit against real parties in interest, Texas Department of Criminal Justice employees Charles T. O'Reilly, Robert R. Treon, Kevin Mayfield, Bill Lewis, and Nathaniel Quarterman, alleging that prison officials violated his constitutional rights by ordering him to move his property during unit searches, otherwise known as "shake-downs." *See Simmonds v. O'Reilly*, No. 14-09-00337-CV, 2010 Tex. App. LEXIS 4734, at *1 (Tex. App.—Houston [14th Dist.] June 24, 2010, no pet.) (mem. op.) (per curiam).[2] Several other inmates signed the petition, which effectively joined them in relator's lawsuit.[3] *See id.* In response to the petition, real parties in interest filed a no-evidence motion for summary judgment, addressing only the claims made by relator. *See id.* According to his mandamus petition, relator was the only plaintiff who appeared at the summary-judgment hearing. The trial court ultimately granted real parties in interest's no-evidence summary judgment motion as to relator.[4] *See id.* at **1-2.

---

[2] Relator's original appeal from the trial court's summary-judgment order was transferred to the Fourteenth Court of Appeals, pursuant to a docket-equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[3] In his mandamus petition, relator identifies the other inmates as Freddie L. McKenzie, Donald F. Atkinson, William T. Carey, Gene A. Guinn, and Charles E. Madden.

[4] In the trial court's summary-judgment order, only relator is listed as the plaintiff in the underlying lawsuit. The order also specifically noted that: "Plaintiff take nothing by this lawsuit against Defendants . . . . It is further ORDERED that all relief not expressly granted is DENIED. This is a final judgment that is intended to dispose of all claims and all parties." *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002) (holding that the trial court can only grant summary judgment on grounds expressly presented in a motion). Despite the language in the order stating that it was a final judgment, the record does not demonstrate that the claims of the other inmates who were joined in the lawsuit were dismissed or finally disposed of. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205-06 (Tex. 2001) (stating that an appellate court may be required to review the record to determine whether all pending claims and parties have been disposed of, even though the summary-judgment order states that it is final).

As noted by the Fourteenth Court of Appeals, the record does not indicate that the other inmates' claims were dismissed or otherwise disposed of in the trial court's summary-judgment order or any other order. *See id.* at **1-2. Because the inmates were parties to the original petition, and because the record does not indicate that the other inmates' claims were dismissed or otherwise disposed of, the Fourteenth Court of Appeals concluded that the trial court's summary-judgment order was not a final, appealable order and, therefore, dismissed relator's appeal of the order for lack of jurisdiction. *See id.* at *2, *4.

On May 26, 2010, relator filed a motion to sever with the trial court, requesting that his claims be severed from the claims of the other inmates so that he could appeal from a final, appealable judgment. Relator did not provide the trial court with a proposed order on his motion to sever. On August 22, 2010, relator requested that the trial court set a hearing on his motion to sever. The trial court did not rule on relator's motion to sever, nor did it set a hearing on the motion. Thus, on June 24, 2011, relator mailed a letter to the trial court, asking the trial court to "consider and rule on my MOTION TO SEVER at the earliest date that you can." To date, the trial court has not issued a ruling on relator's motion to sever. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (holding that a trial court has a reasonable time within which to perform its ministerial duty); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) ("[A]dmittedly, the need to consider and rule upon a motion is not a discretionary act."); *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding) (holding that a trial court's failure to rule on

a motion for over eighteen months was an abuse of discretion); *see also In re Mitchell*, No. 10-07-250-CV, 2008 Tex. App. LEXIS 507, at **3-4 (Tex. App.—Waco Jan. 23, 2008, orig. proceeding) (mem. op.) (holding that a trial court's failure to rule on a motion for default judgment for fifteen months was an abuse of discretion).

Accordingly, on March 9, 2012, relator filed his petition for writ of mandamus in this matter. On March 20, 2012, this Court requested that real parties in interest file a response to relator's mandamus petition within twenty-eight days from the date of the request. On May 10, 2012, fifty-one days after we requested a response, real parties in interest filed a three page response to relator's mandamus petition.

## II.    STANDARD OF REVIEW

"Mandamus relief is an extraordinary remedy that issues only if the court clearly abused its discretion and the relator has no adequate remedy by appeal." *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (citing *In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004)). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). To satisfy the clear abuse of discretion standard, the relator must show that the trial court could "'reasonably have reached only one decision.'" *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (quoting *Walker*, 827 S.W.2d at 840). Moreover, a relator has the burden of providing this Court

with a sufficient record to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *see also* TEX. R. APP. P. 52.3, 52.7.

## III. ANALYSIS

In their response, real parties in interest direct us to Walker County District Court Local Rule 3.7, which states that "[m]otions and responses shall be in writing and shall be accompanied by a proposed order granting or denying the relief sought." Despite relator's repeated attempts to get the trial court to rule on his motion to sever, the record does not reflect that relator provided the trial court with a proposed order on his motion to sever. Thus, by not filing a proposed order with his motion to sever, Simmonds failed to comply with Walker County District Court Local Rule 3.7. And because relator did not comply with the Walker County local rules, we cannot say that the trial court abused its discretion in failing to rule on relator's motion to sever. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d at 382; *Akin*, 927 S.W.2d at 630; *Walker*, 827 S.W.2d at 839.

## IV. CONCLUSION

Because relator failed to demonstrate that the trial court abused its discretion in failing to rule on his motion to sever, we conclude that relator is not entitled to the relief sought. *See Walker*, 827 S.W.2d at 837; *see also* TEX. R. APP. P. 52.3, 52.7. Accordingly, we deny relator's petition for writ of mandamus.

AL SCOGGINS
Justice


Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Denied
Opinion delivered and filed June 6, 2012
[OT06]