**In re Isidro Martinez RAMIREZ.**

No. 04–98–00625–CV.

Court of Appeals of Texas, San Antonio.

Sept. 16, 1998.

Isidro Martinez Ramirez, Kenedy, pro se.

Susan D. Reed, Criminal District Attorney, San Antonio, for Appellee.

ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

ANGELINI, Justice.

Relator, Isidro Martinez Ramirez, is an inmate at the Bexar County Jail. On November 25, 1996, he filed suit against his ex-girlfriend, Angela Orozco, in County Court at Law No. 2, Bexar County, Texas. In his original petition, Ramirez claimed that Orozco, after learning that Ramirez had been arrested and jailed, entered his apartment and took over $4,000 worth of his personal property.

The record reflects that Orozco was served with Ramirez's petition on December 3, 1996. The record further reflects that Orozco has failed to file an answer or otherwise respond to the petition. On January 2, 1997, Ramirez filed a motion for judgment by default. He also filed what amounts to a motion to set the motion for default judgment for hearing. Ramirez received no response from the trial court or the county clerk. On March 30, 1998, he filed an amended motion for judgment by default. The fiat attached to Ramirez's amended motion indicates that the matter was set for hearing on May 15, 1998. However, there is no indication in the record that such a hearing was held. Ramirez subsequently wrote letters to the county clerk, the trial court, and the chief justice of this court requesting that his motion be heard and disposed and that he be notified of any such disposition. No action on his motion has been taken.

On July 14, 1998, Ramirez filed this petition for writ of mandamus directing the trial court to hear and rule on his motion for judgment by default. Mandamus is an extraordinary remedy, and it will lie only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 841 (Tex.1992). In this case, Ramirez contends that the trial court has violated a duty imposed by law in failing to consider his motion for default judgment.

In determining whether or not a default judgment should be entered, the trial judge is required to ascertain the sufficiency of the petition as well as the service of process. *Palacios v. Rayburn*, 516 S.W.2d 292, 294 (Tex.Civ.App.—Houston [1st Dist.] 1974)(orig.proceeding); *see* TEX.R. CIV. P. 239. Because the determination of whether a plaintiff is entitled to a default judgment requires the exercise of the trial court's discretion, this court is without authority to compel by mandamus the entry of a default judgment. *Weber v. Snell*, 539 S.W.2d 363, 366 (Tex.Civ.App.—Houston [1st Dist.] 1976)(orig.proceeding). However, the trial court has no discretion to refuse to hear and rule on a motion for default judgment because a refusal to timely rule on a motion frustrates the judicial system and constitutes a denial of due course of law. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.—Houston. [1st Dist.] 1992)(orig.proceeding).

A trial court is required to consider and rule upon a motion within a reasonable time. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1992)(orig.proceeding); *Kissam v. Williamson*, 545 S.W.2d 265, 266–67 (Tex. Civ.App.—Tyler 1976)(orig.proceeding). "When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act." *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.—San Antonio

**684**

1997)(orig.proceeding); *see also Eli Lilly and Co. v. Marshall,* 829 S.W.2d 157, 158 (Tex.1992) (holding trial court abused its discretion by refusing to conduct hearing and render decision on motion); *Chiles v. Schuble,* 788 S.W.2d 205, 207 (Tex.App.—Houston [14th Dist.] 1990)(orig.proceeding) (finding mandamus appropriate to require trial judge to hold hearing and exercise discretion). However, while we have jurisdiction to direct the trial court to proceed to judgment, we may not tell the court what judgment it should enter. *Crofts v. Court of Civil Appeals,* 362 S.W.2d 101 (Tex.1962); *O'Donniley v. Golden,* 860 S.W.2d 267, 269–70 (Tex. App.—Tyler 1993)(orig.proceeding).

In this case, Ramirez's motion for judgment by default has been on file for over eighteen months. During that time, Ramirez has made repeated efforts to have his motion considered and ruled upon. He has received no response from the trial court. Under these circumstances, mandamus is appropriate as a means of compelling the trial court to exercise its discretion and proceed to judgment on Ramirez's motion for default judgment.

▉ The procedure in this case is complicated by the fact that the plaintiff is incarcerated and proceeding *pro se.* Nevertheless, a litigant cannot be denied access to the courts simply because he is an inmate. *See Hudson v. Palmer,* 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Nichols v. Martin,* 776 S.W.2d 621, 623 (Tex.App.—Tyler 1989)(orig.proceeding). An inmate does not, however, have the absolute right to personally present his case in a civil matter if the merits can be determined without his physical presence. *Byrd v. Attorney General,* 877 S.W.2d 566, 569 (Tex.App.—Beaumont 1994, no writ); *Birdo v. Holbrook,* 775 S.W.2d 411, 414 (Tex.App.—Fort Worth 1989, writ denied). We, therefore, note that if the trial court determines that Ramirez's physical presence is not necessary to the disposition of his motion, then he "should be allowed to proceed by affidavit, deposition, telephone,

or other effective means." *Byrd,* 877 S.W.2d at 569 *(*citing *Pruske v. Dempsey,* 821 S.W.2d 687, 689 (Tex.App.—San Antonio 1991, no writ)).

Because the trial court has abused its discretion in failing to consider Ramirez's motion for default judgment within a reasonable time, we conditionally grant Ramirez's petition for writ of mandamus. Accordingly, the trial court is directed to consider Ramirez's motion, determine the need for a hearing, and proceed to judgment. The writ will issue only if the trial court fails to comply with these instructions.