No. 04-00-00872-CV



Juan Ernesto CASTRO, Jr.,


Appellant



v.



James Clayton OLTERSDORF,


Appellee



From the 224th Judicial District Court, Bexar County, Texas


Trial Court No. 2000-CI-00145


Honorable David Peeples, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Phil Hardberger, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: January 16, 2002


AFFIRMED

 Pursuant to a plea-bargain agreement, Juan Ernesto Castro, Jr. pled guilty to the offense of
murder. James Clayton Oltersdorf was appointed to represent Castro on appeal. After his appeal was
dismissed, Castro filed a civil legal malpractice suit against Oltersdorf. On November 13, 2000, a
bench trial was held; the trial court entered a take-nothing judgment against Castro, finding that
Castro had failed to meet his burden. On appeal, Castro argues that the trial court erred (1) by not
granting a default judgment in his favor, (2) by entering a take-nothing judgment against him without
allowing him to amend his petition, and (3) by conducting the trial by telephone. 

 Castro did not request the preparation of a reporter's record in this appeal. We ordered
Castro to file written proof that he filed a designation of record with the court reporter. Castro filed
a response indicating that a court reporter did not record the proceedings. Therefore, we will
consider the merits of this appeal based on the clerk's record alone. See Tex. R. App. P. 37.3(c).
 Castro argues in his first issue that because Oltersdorf failed to timely file an answer, the trial
court should have granted his "Motion for Summary Judgment by Default." However, the record
clearly indicates that Oltersdorf did timely file an answer. Oltersdorf was served with Castro's
petition on March 15, 2000. Oltersdorf filed a general denial on March 17, 2000. See Tex. R. Civ.
P. 99(b) (requiring defendant to file an answer "on or before 10:00 a.m. on the Monday next after
the expiration of twenty days after the date of service thereof"). Therefore, Castro was not entitled
to a default judgment. We overrule Castro's first issue. 

 In his second issue, Castro argues that "[t]he judgment of the trial court must be reversed
because the trial court neither gave [a]ppellant the opportunity to amend His [sic] petition nor gave
Him [sic] the opportunity to refuse to amend His [sic] petition." Castro maintains that "[o]nly after
a party has been given an opportunity to amend after special exception has been sustained may the
case be dismissed for failure to state a cause of action." Castro's case, however, was not dismissed
for failure to state a cause of action. The judgment recites that the case was tried to the bench and
that "[t]he Court after having reviewing the pleadings, hearing the evidence presented, and the
arguments of all parties finds that the Plaintiff failed to meet [his] burden and should take nothing by
this suit." Moreover, the record does not indicate whether Castro moved to amend his petition or
on what grounds he so moved. As such, Castro has waived any error. See Tex. R. App. P. 33.1(a)
(stating that as prerequisite to presenting complaint for appellate review, record must show that
complaint was made to trial court by timely request, objection or motion that stated grounds for
complaint with sufficient specificity). Castro's second issue is overruled. 

 In his final issue, Castro argues that the trial court erred by conducting the trial by telephone.
Individuals who are incarcerated do not automatically lose their access to the courts as a result of
their incarcerated status. Zuniga v. Zuniga, 13 S.W.3d 798, 801 (Tex. App.--San Antonio 1999,
no pet.). An inmate does not, however, have the absolute right to personally present his case in a civil
matter if the merits can be determined without his physical presence. In re Ramirez, 994 S.W.2d 682,
684 (Tex. App.--San Antonio 1998, no pet.); see Zuniga, 13 S.W.3d at 801 ("Incarcerated
individuals, whether they are defendants or plaintiffs in civil actions, do not have an absolute right to
appear in person."). The trial court should consider the following factors in making this
determination:

 a) the cost and inconvenience of transporting the prisoner between his
place of incarceration and the courtroom;

 b) the security risk and potential danger to the court and public of
allowing the prisoner to attend court;

 c) whether the prisoner's claims are substantial;

 d) whether a determination of the matter can reasonably be delayed until
the prisoner is released;

 e) whether the prisoner can and will offer admissible, noncumulative
testimony which cannot be offered effectively by deposition,
telephone, or otherwise;

 f) whether the prisoner's presence is important in judging his demeanor
and credibility compared with that of other witnesses;

 g) whether the trial is to the court or to a jury; and

 h) the prisoner's probability of success on the merits.


Zuniga, 13 S.W.3d at 801. If, after applying these factors, the trial court determines that the inmate's
physical presence is not necessary, then the inmate "should be allowed to proceed by affidavit,
deposition, telephone, or other effective means." In re Ramirez, 994 S.W.2d at 684 (quoting Byrd
v. Attorney General, 877 S.W.2d 566, 569 (Tex. App.--Beaumont 1994, no pet.)). Because there
is no record of the bench trial, we must assume that the trial court applied these factors and
determined that Castro's presence was not necessary. Moreover, the judgment recites that Castro
appeared pro se telephonically for trial and announced ready. The record does not indicate whether
Castro objected to appearing telephonically or whether Castro requested that the trial court issue a
bench warrant. See Zuniga, 13 S.W.3d at 801-02 (holding that trial court erred by not considering
appellant's request for bench warrant and by not considering factors weighing in favor of appellant's
request to appear at hearing). Because the record does not indicate whether Castro preserved his
complaint for appeal, he has waived any error. See Tex. R. App. P. 33.1(a). We overrule Castro's
third issue.

 Having overruled Castro's issues, we affirm the judgment of the trial court.


 Karen Angelini, Justice

Do not publish