NUMBER 13-09-00632-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN RE: ROLANDO ALMENDAREZ

 


On Application for Leave to File

Petition for Writ of Mandamus and

Petition for Writ of Mandamus

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza

Memorandum Opinion Per Curiam (1)


 Relator, Rolando Almendarez, filed an "Application for Leave to File Petition for Writ
of Mandamus," as well as a petition for writ of mandamus, in which he requests that this
Court direct respondent, the Honorable Roberto "Bobby" Flores, presiding judge of the
139th Judicial District Court of Hidalgo County, Texas, to rule on relator's petition for
expunction of records filed pursuant to chapter 55 of the Texas Code of Criminal
Procedure. See Tex. Code Crim. Proc. Ann. arts. 55.01-.06 (Vernon Supp. 2009). This
Court, having examined and fully considered relator's application and petition, is of the
opinion that (1) relator's application for leave to file petition for writ of mandamus should
be granted, but that (2) relator has not shown himself entitled to mandamus relief. See
Tex. R. App. P. 52.8(a).

 Mandamus will issue to correct a clear abuse of discretion for which the remedy by
appeal is inadequate. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex.
2004) (orig. proceeding). A trial court abuses its discretion when it acts in an unreasonable
or arbitrary manner; or, stated differently, when it acts without reference to guiding rules
and principles. See, e.g., Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991). A trial judge has a "reasonable time" to perform the ministerial duty of considering
and ruling on a properly filed motion. In re Chavez, 62 S.W.3d 225, 228 (Tex.
App.-Amarillo 2001, orig. proceeding). Whether the judge has acted within a reasonable
period of time depends on the circumstances of the case. In re Ramirez, 994 S.W.2d 682,
683-84 (Tex. App.-San Antonio 1998, orig. proceeding).

 In the expunction context, delays up to and including three months have been
determined by courts not to be unreasonable. See In re Burden, 2008 Tex. App. LEXIS
610, at *4-6 (Tex. App.-Texarkana Jan. 30, 2008, orig. proceeding) (mem. op.) (one
month); In re Davis, 2006 Tex. App. LEXIS 9263, at *4 (Tex. App.-Waco Oct. 25, 2006,
orig. proceeding) (mem. op.) (three months); In re Ford, 2004 Tex. App. LEXIS 8869, at
*3 (Tex. App.-San Antonio Oct. 6, 2004, orig. proceeding) (mem. op.) (two months).

 Here, the trial court has delayed ruling on relator's expunction petition for, at most,
three months. We note additionally that relator has not attached any document to his
mandamus petition, such as his expunction petition or a clerk's record, that would support
his contention that he properly filed his expunction petition or that the trial court has failed
to rule thereon. See In re Burden, 2008 Tex. App. LEXIS 610, at *3 (denying mandamus
relief in part because "there is nothing to support [relator's] statement [that the trial court
refused to rule on relator's motion to compel an expunction ruling] except for a certificate
of service which states only that the motion to compel was deposited in prison mail"). 
Accordingly, on the record before us, we cannot say that the trial court has clearly abused
its discretion by not yet ruling on relator's expunction petition. See In re Prudential Ins. Co.
of Am., 148 S.W.3d at 135-36.

 For the foregoing reasons, relator's application for leave to file writ of mandamus is
GRANTED, and relator's petition for writ of mandamus is DENIED.


 PER CURIAM


Delivered and filed the

24th day of November, 2009.
1. See Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions), 52.8(d) ("When
denying relief, the court may hand down an opinion but is not required to do so.").