

NUMBER 13-09-00632-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN RE: ROLANDO ALMENDAREZ

**On Application for Leave to File
Petition for Writ of Mandamus and
Petition for Writ of Mandamus**

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam[1]

Relator, Rolando Almendarez, filed an "Application for Leave to File Petition for Writ of Mandamus," as well as a petition for writ of mandamus, in which he requests that this Court direct respondent, the Honorable Roberto "Bobby" Flores, presiding judge of the 139th Judicial District Court of Hidalgo County, Texas, to rule on relator's petition for expunction of records filed pursuant to chapter 55 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 55.01-.06 (Vernon Supp. 2009). This Court, having examined and fully considered relator's application and petition, is of the opinion that (1) relator's application for leave to file petition for writ of mandamus should

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions), 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so.").

be granted, but that (2) relator has not shown himself entitled to mandamus relief. *See* TEX. R. APP. P. 52.8(a).

Mandamus will issue to correct a clear abuse of discretion for which the remedy by appeal is inadequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner; or, stated differently, when it acts without reference to guiding rules and principles. *See, e.g., Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). A trial judge has a "reasonable time" to perform the ministerial duty of considering and ruling on a properly filed motion. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Whether the judge has acted within a reasonable period of time depends on the circumstances of the case. *In re Ramirez*, 994 S.W.2d 682, 683-84 (Tex. App.–San Antonio 1998, orig. proceeding).

In the expunction context, delays up to and including three months have been determined by courts not to be unreasonable. *See In re Burden*, 2008 Tex. App. LEXIS 610, at *4-6 (Tex. App.–Texarkana Jan. 30, 2008, orig. proceeding) (mem. op.) (one month); *In re Davis*, 2006 Tex. App. LEXIS 9263, at *4 (Tex. App.–Waco Oct. 25, 2006, orig. proceeding) (mem. op.) (three months); *In re Ford*, 2004 Tex. App. LEXIS 8869, at *3 (Tex. App.–San Antonio Oct. 6, 2004, orig. proceeding) (mem. op.) (two months).

Here, the trial court has delayed ruling on relator's expunction petition for, at most, three months. We note additionally that relator has not attached any document to his mandamus petition, such as his expunction petition or a clerk's record, that would support his contention that he properly filed his expunction petition or that the trial court has failed to rule thereon. *See In re Burden*, 2008 Tex. App. LEXIS 610, at *3 (denying mandamus relief in part because "there is nothing to support [relator's] statement [that the trial court refused to rule on relator's motion to compel an expunction ruling] except for a certificate of service which states only that the motion to compel was deposited in prison mail").

2

Accordingly, on the record before us, we cannot say that the trial court has clearly abused its discretion by not yet ruling on relator's expunction petition. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135-36.

For the foregoing reasons, relator's application for leave to file writ of mandamus is GRANTED, and relator's petition for writ of mandamus is DENIED.

PER CURIAM

Delivered and filed the
24th day of November, 2009.