Into The Texas Supreme Court,and for It's JUstices3
Supreme Court Building,201 West 14th Street,Room#106
Austin  Texas  78701

53,692-06

In Re: Sims Andre Delivenee-Pro Se
Applicant-Relator in Pro se capacity
Versus,
Abel Acosta,et la,as Chief CLERK for
the Texas Court of Criminal Appeals,
Sharon Keller,et al,as presiding judge
(s) of the Texas Court of Criminal
Appeals,Trial Court's Officials,et al,
Respondent(s)

§
§
§
§
§
§
§
§
§
§
§
§

mandamus to enforce the
law on Case#765557-Tr.Ct. & Case
53-692-04-&-05 of the Tex.Ct.Cr.App.

RECEIVED IN
COURT OF CRIMINAL APPEALS

This document contains some
pages that are of poor quality
at the time of imaging.

SEP 09 2015

Abel Acosta, Clerk

Applicant's /Relator's Petition for A-Writ of Mandamus Against the Texas
Court of Criminal Appeals Clerk(s),or/and Justices,pursuantto § 22.221(b)
of the Texas Government Code;Articles 51.1,52.2,53(a)(1),(3),(*4),(5),(A)-
(d),(f),(g),(h),(j)(1),(d),52.7(1),(2),(b),(53)1,57.2,57.4,72.1 & (Tex.R.
App.P):...(a) & (b),& 44.43(TCCP);1st Amendment(U.S.Const),Among-
other Texas and Federal laws that Apply for Absolute Rights

To The Justices of this T#xas Supreme Courthouse,its Clerk(s),Rspondent(s),
   Let there be understanding,NOW appearing in writing,before this said Court-
One,Sims Andre Delivence,the Applicant-Relator in Pro se capacity,and in the
above said case,and cause of action,sub judice,brings [t]his request-ed app-
lication for a Writ of mandamus against Abel Acosta,an assumed Chief Clerk of
the Court of Criminal Appeals of Texas or and the justices,of that COUERT of-
Criminal Appeals,as recalcitrant Respondent(s) who have unlawfully and Uncons-
titutionally suspended the 'Living Constitution of both the State of Texas and
of the United States of America's,by suspending Applicant's/Relator's[herein]=
obsolute rights to petition these said Couets and their judges,of reddress of-
his Constitutional rights violations,Civil rights violations & violations of -
the Laws by said Respondent(s) and will show further the following insupport:
                            I.A.
on or about 7/6/2015,Your Relator,sub judice,had filed his Application for a -
Writ of habeas corpus to be issued upon Relator's Claims of void judgment re-
garding by the trial Court and its presiding trial judge.For procedingsto trial
based upon a fraudulent and forged issued indictment-by the Prosecator's over -
trial Cause#765557.This issue was never presented and may be raised at any time
or stage of an Appeal.See Hamilton V.McCotter,172 F.2d 171,183-84(5th Cir.1985);
(case law cited);State V.Chatman,671 F.2d 531,538(KAN.1983);Ex Parte Seidel,39-
S.W.3d 221,224-25,$ n.4(Tex.CS.App.2001).
B) There is no-extent True Bills of Indictment,under cause#765557.THUS,so there-
was never any actual returned Grand Jury Indictment or Grand Jury Panel's True-
Bills of Indictment for the trial Court's conviction,nor any other Court of law-
within the State of Texas.Although Relator was,or is charged with some kind of -
Murder offense,that trial Court's judge lacked subject-matter jurisdiction over-
the cause for the criminal allegations & Party(s) of interest,-Yoour Relator...
Relator's solid and concrete evidence and facts that has exposed fraud or fraudu-
lent & fake indictment & its rationalization & motivation ase suppressed by the
Respondent(s),and its refusal to execute & actually file,docket,process & prese-
nt Relator's petition for a writ of habeas corpus,& it's attached-but separate -
memorandumoof la,along with Relator's exhibitation insupport of the issance of
of the Writ of habeas corpus.Mainly,the alleged indictment as Relator's exhibit-
1-A,& 1-B.However,these issues of void judgment & de  Trade Practice Act
by the Prosecutor's were,are continuing to be suppressed by said Respondent)s)-
who refuse to perform its own sworn to duty,& obligations to properly process &
execute Relator's legal documents,as his private & personal liberty inter  th-
aatcan be enforced under Civil Rights Act of 1960.See Title 42 U.S,C.§§1 1,1974-
(e),1975d;18 U.S.C.§§ 837,1074,1509;20 U.S.C.§§ 241,640;74 Stat.86(1960);And -
the  Civil Rights Act of 1957,includes Title §§ 5.U.S.   --------        --

                            1.Civil.

C.§§ %#!((19);28 U.S.C.§§ 1343,1861;71 Stat.634(1957);and also see the - **Ethics In Governemnt Acts** of 1978,Title 2 U.S.C.§§ 701 et seq;5 U.S.C.§ 5317-18 USS.C.§ 207;28 U.S.C.§§ 49,528,529,591-598,1364;92 Stat.1824(9948),amended-96 Stat.2039(1983).These provisions cited are for the benefit of the People at large,even before any appeals are sought to remedy those provisions being violated by said trial Court's officers.Inwhich are enforceable under **the Clayton-Act**,as an Act of law too supplement ealier laws,including **the Sherman Act**(q.v,)-against unlaw restraints and Mon¢plies,i.e.,Title 15 U.S.C.§§ 12 et seq;18 U.S.-C.§§ 402 et seq;29 U.S.C.§§ 52,53;38 Stat.730(1914);Hence,by Relator being denied acces to the Constitutional Courthouses,and or Common-law in violation of ⁻ Your Relator's First Amendment rights,United States Constitution.(17-91).Which includes but not limited to,the Fifth and Fourteanth Amendments to the United States Constitution of America.Thus,Relator pionts to Civil remedies are avaiable,'if,and only if ?',the Courthouse is open to Prisoners,as Relator under false arrest,and illegal incarceration.Which the threat of habeas copus serves as a necessary additional incentive not only prior to trial but an appeal - vehicle for appellate Courts to apply in Cases as Relator's,as the Writ of habas Corpus is acceptable remedy through out the Land,as Courts can conduct their proceedings in a manner consistent with established Constitutional standards.e. g,**Desist V.U.S.**,394 U.S.244,262⁻63,89 S.Ct.1030,1041(**Johnsen V.Puckett**,929 F.2d 1067,1071(5th Cir.1991)(citation omitted,but cases similar)in grand jury proceedings being omitted)or unconstitutionally selected);Cf.**Deleon V.DIstrict Clerk**,-187 S.W.3d 473,474-475 &,n.1-5(Tex.Cr.App,2006)Case law cited therein).However,

**Abel Acosta**,or and the Texas Court of Criminal Appeals justices dismiss[ed] Relator's Application for a writ of habeas corpus,without justification in the law, or assumingly,under Article 11.07,§ 4(a-(c)(TCCP).This assumed reference cited in an unserification,and anattested simple white cardies personally editednd-censoring Relator's documents presented,and suppressing Relator's current claim-s-,and colorable issues that have not been,and could not have been presented prevously in **his** original habeas corpus application,because State Court Appointed alleged defense cousel(at trial) committed constructive brach of its fiduciary-duty;keep records from Relator,and such issues were thus not discovered untill - early in may of 2015;and therefore,Relator's void judgment issues were not previously considered in any application for habeas corpus wrfiled as these factual and legal claims mentioned herein,are errors of law based on unavailable - and unresolved issued on the date **Abel Acosta** or and the justices claim-in some-subsequent date prior to 7/27/2015-received and dismissed 8/5/2015-eight(8)-day-s-later...**11**.07,§ 4((a)(1)-&(2)-"arguing further Relator presented a duplicated copy of the indictment,by the trial Court,being fatally defective,in that it was lacking most,if not all the essential and Constituent elements of the offense - sought to be charged',and thus,'was more then a mere prepondence of the evidence th conclude,that but for the trial Court/judge's violation of Relator's federal-'

2. Civil.

guaranteed rights,based on violations of the United States Constitution of Ame-
rican,and that violation caused Relator's liberty interest to be forfieted,even
though no rational juror could have ever have found this Relator quiдty beyond-
a reasonable doubt that he committed such act of murder...This is a legal basis-
for his error of laws by the trial Court's trial judge.'his claim(s) that was not
available on or before the assumed date implied by the said white card or Abel-
Acosta,and of the Justices of the criminal Court of Appeals.unjustification in -
dismissing Relator's Constitutional violationsclaims argued in his writ of hab-
eas corpus petition and carried unto his subsequent writ of mandamus to compel -
the trial Court's habeas corpus judge to act and perform its ministerial duties-
as required by law,and thereby,are claims the trial Court's judge intentionally
failed to do its duty in processing Relator's actual petition's factual and legal
basis that was not ascertainable through the execise of reasonable diligence on -
or befoes 5/2015 or 7/27/15 or 8/5/15,untill Relator's paralegal[inmate's] assist-
ant discovered said ground of error of law-based on the defective and fraudulent
indictment...In turn,any prior submitted or assumed presented issues were not th-
is Relator's main issues of claims presented herein and previuosly,as the void -
judgment claims not recognized by theьTexas Court of Appeals justices,and thus,no
prior decisions could have been reasonably been formulated from any final decisien
ons by said Appellate Court's justices-jurisdiction of the State of TexasIӨddat&
11.07,§ 4(a)(1),(2), &·9ΘΙ & ¢C)(TCCP),This misapplication of law by an unsigned-
remark or comment in the said white card dismissal is evidence that Respondent'(s)
inactions,erroneous actions,,and failure and refusal to act upon Relator's set-
of petitions entitled,"Application for a writ of habeas corpus,and separate but-
attched findings oℹ facts and conclusions of law,with an ORDER ",is what cause-d-
the improper,and irregularity of Relator's case sub judice,аԁьсhвԁ impropьжety-
prevented the proper,and actual correct presentation of Relator's case inchief-to
this Texas Court of Criminal Appeals.In misapplication of the law,the Court of -
Criminal Appeals has rendered ,'due to its derelicition of duty!,a decision that
conflicts with its own precedent,with this Texas Supreme Court's preceдent,and -
with уАьь the Unstates Supreme Court's precedent,including precedent of the Fifth-
Circiut Court of Appeals.on the same issue.e.g.,Garcia V.Dial,596 S.W.2d 524,528-
(Tex.CⱤ.App.1980);Dennis V.SⱤate,647 S.W.2d 275,supra(tex.Cr.App.1984);Cook VSSt-
ate,902 S.W.2d 471,478,N.13-16,(Tex.Cr.App.1995),id.at 476,& N.6,7;Carrillo V.St-
ate,2 S.W.3d 275,277,N.5(Tex.Cr.app.1999);Davis V.State,227 S.W.2d 733,736,N.1-3-
(Tex.CⱤ.App,2007);State V.Moff,154 S.W.3d 599,601,N.1-2(Tex.Cr.App.2004);Cf Hamil-
ton V.McCotter,172 Ɐ.2d 183-84(5th Ɐir.1995),citing Hollingworth V.State,87 S.W.-
Tex.Cr.R.399,221 S.W.978-79(1920);Cf.U.S.V.Henderson,72 F.2d 463,465(5th Cir.1995
95)(citation omitted);U.S.V.Henry,288 F.3d 657,661(5th Cir.App.2002);U.S.V.Flores
404 F.3d 320,324(5th Cir.(5th Cir.2005),id.at 324,& N.5;Gonzalez V.Crosby,545 U.
S.524-535-536,126 S.Ct.2641,surpra(2005),U.S.V.Ruiz,536 U.S.622,628(2002);U.S.V.-

3Ɐ.Civil.

Cotton,535 U.S.625,620(2002).Thus,the Texas Supreme Court's justices should-no doubt find that the Texas Court of Criminal Appeals appears to have misconstrued a statute,rule of law,as it has so far departed from the accepted and usual course of judicial proceedings,and so far sanctioned such a departure by the lower Court of Appeals,as to call for an execise of this Texas Supreme Court's justices-power of supervision.See **Continental Coffee Products Co.V.Cazarez,** 937 S.W.2d 444,449,& n.2(Tex.1996)."As this legal matter sub judice is concerned,when a particular statute[Art.I,§10,& 12,Tex.Const.];Art 11.07,§3(b)(etc),Tex. C.C.P)creates a cause of action,the Court's jurisdiction depends on that indicated statute;subject-matter jurisdiction cannot be presumed and cannot be waived! "Since lack of jurisdiction makes a judgment void not just voidable!Id;**Mapco V.** **Forrest,**795 S,W.2d 700,703(Tex.1990)(smae);Cf.**Beebe V. Delps,**850 F.2d 774,776(-5th Cir.1981)(supreme Court precedent cited therein).

C) This Texas Supreme Court has concurrent jurisdiction with the Texas Court of-Criminal Appeals,pursuant to Article 5,§ 5A of the Texas Constitution,and Art. 4.16(TCCP);Texas Government Code,§§22.221(b);Texas Supreme Court's Rule 52.1,52. 52.0(b)(1),(2),(3),& (c),57.3,57.4,54.5,60.2(a)(d),(e),& (f),60.3,60.6,72.1,72.-2;and 52.7(a),(1),(2),(b),and id.at 52.3(e);44.3 & 44.4(a)(1),(2).All these provisions apply when an Appellate Court dismisses an appeal,with out correcting - the trial Court's inaction or improper-illegal actions to adopt and allow an illegal third Party'(s) intervention,and thus its[Tr.Ct.'s] erroneous failure to act as requested by this RELATOR - is a failure to perform it's ministerial outy and function under the facts and law of this Relator's habeas corpus case.Henece, the Court of Criminal Appeals/Respondent(s) inactions prevented the proper presentation of this Relator's case at bar,and could not have duly considered Relator's petition based upon his ground One error of law.Regarding the trial Court and it's presiding judge lacking subject-matter jurisdiction.A none waivable issue,nor right,nor can such jurisdictional defectibe forfieted,not even with consent of all,or any Party(s) of interest...Wrose yet,the trial Court's habeas corpus judge or intruder,refused to accept Relator's Compulsory Counter-claim against those third Party interveners.Thus,the trial Court failed to act in ruling on both habeas corpus petitions,and cf the said counter-claim.Inwhich,prior to-the trial Court's judge or and its Clerk(s),decision to forward some application for a writ of habeas copus to the Texas Court of Criminal Appeals,Relator timely sent,and submitted his 16-page Application for a writ of mandamus to said Appellate Court.Inwhich an imaged hazards stamp-mark as ABEL ACOSTA,CLERK.Who did not sign such a remark or comment implying it received and presented to the[not-this ?-]Court.Dated 7/13/15'& then supposely denied without any written Order-on 8/5/15...And altnough this remark of without a written order is implied,there is no indication the white card is afact an ORDER OR JUDGMENT.This in fact is an error of law,and evidently is defects in procedures applied or used by said - Respondent(s).Futhering this argument,Abel acosta,and or a single justice does not have power to dismiss either writ of habeas corpus or writ of mandamus.See

4.Civil.

Rule 10.04(a)(1),(2)(Tex.R.App.P.)- "in part':' But in a Civil case,a single justice should not -[sic] act on a petition for an extraordinary writ,;[n]or dismiss or otherwise determine an appeal or a motion for rehearing."Id.
D) This white card distribution brings the same results in a majority of attempted appeals by falsely imprisoned inmates. Your Relator sub judice,and such a result is[a]permanently precluded unprecedented set of circumstances under a common-practice of a pattern of decision-making founded upon a preference as apposed to reason and facts-which is an arbitrary act,'that can not be of a judicial decision.Muchless a decision on the merits of any particular case.Arbitrary procedure acts are factors that runs afoul of the Legal Due Course,and Process of law .See also Rule 15.1(a).."A writ or process must be signed and bear the Appellate'Court's seal."Id...Thus,such white card is processed so defective,- that no Clerk chose to sign such void comments of remark-of denied without a written Order...The Respondent(s) would not even identify the error of law argued by Relator,so as to correct any Constitutional violation of the law by the trial Court's judge...In otherwords,Relator's violation of laws cited,extensively contend that the trial Court did not have jurisdiction over the subject-matter,and PERSON of interest,Party of interest that is claiming the Prosecutor'(s) void indictment failed to charge an offense or and failed to charge Relator with the commission of a crime.Not just State Court Appointed defense Counsel committed breach of his/her fiduciary duty,by failing to challenge the Convicting Court's jurisdiction over the defendant/Appellant and subject-matter.Maily,because the alleged criminal indictment was so fatally defective,that it omitted most,if not all the essential and Constituent elements of the offense sought to charged by - the Prosecuting team.Hamilton V.McCotter,supra,172 F.2d at 183-84,& n.25.21,22; Fisher V.State,887 S.W.2d 49,56(Tex.Cr.App.1994).and see Ylst V.Nunnembaker,501 U.S.795,797,804,& n.3(1991),in part:

> "PRESUMPTION,this Court must considerthat Applicant's federal claims regarding the sufficiency of the indictment are not procedurally barred;State procedure bars are not immortal,but,they may expire because of late actions by the States Courts.'If',the last State Court reaches the merits - it removes any bar to federal Court review that might otherwise hhave been available;and recognized that something the memebers of the Court issuing an unexplained Order [REMARK] will not themselves have agreed upon its rationale,so that the basis of the[ir]decision is not merely undiscolsed,- but none-existence."Id.cited in Cone V.Bell,129 S.Ct.1769,supra(2009)(similar contention);William V.Collins,802 F.Supp.1530,1533-35,1536-44(W.D.Tex.1992)

Thus,hereintoo,the respondent(S) did not actually consider,nor ruled on Relator's [applicant's] claim concerning the stated insufficiency of the indictment,& ineffective assistance of trial defense counsel."ID.
This Relator,regardless of the trial-habeas corpus judge,and or its clerk's inaction,and deviation from the normal rules of law,has contended that his subsequent alleged application involved the invalidity of his conviction,as challenging the trial Court's jurisdiction,over the cause#756557.So art.11.07 et seq is available.But Relator can only compel the habeas court judge or its Clerk to file Relator's actual petition for a writ of habeas corpus,and then writ of ---

mandamus against said trial Court's Clerk(s) or and habeas judge presiding over this case sub judice,and therefore,the assistance of this Supreme Court of - Texas supervisory power can remedy the Respondent'(s) error of law,as an erroneous inaction and refusual to act and perform his/her/their ministerial function to correct the trial Court's error of law,and intentional failures to act upon Relator's factual and legal basis for his error of law one,as his ground one error of law .In dismissing Relator's writ of habeas Corpus petitio,and a timely - writ of mandamus,the Respondent(s) has not followed the cammonds of the rule of law.Jurisdictional issues,Constitutional rights & law violations or the Constitutionality of a Statute,as well as Brady Law violations in in the category of non-waivable issues and claims of rights being violated,and cannot be applied to the abuse of the writ act.e.g.,Keeter V.State,105 S.W.3d 137,142-143,& n.17(Tex.App-Waco 2003),citing Marin V.State,851 S.W.2d 275,279-80(Tex Cr.App.1993).Thus,the Respondent(s) overlooking the trial Court's arbitrary acts or usurpation of power ,and have not found that there are no set of facts which can or cannot prove Relator's allegations/accusations in his petitio for either the writ of habeas corpu,nor the writ of mandamus-Complaint(s).But Relator's accusations,based on his-trial Court's exhibitation-derivatively from said trial Court's record,and used as his exhibitation to support vacature of his conviction(s).In fact,the Respondent(s) has not even implied or expressed they[justices] have adopted some proposed findings of facts and conclusions of law by the trial Court's habeas judge or its Clerk(s),as such facts involve issues challenging the trail Court's jurisdiction.Moreover,Respondent(s) has not even implied it has construed one or the - other'Barty'(s) facts most favorable to either one ? Since the fatally defective processed white card even omitted what or whose issues were heard,and no grounds of any kind have been provided for dismissal of Your Relator's Claim(s)...Claims that set forth in his memorandum of law,and contentions in said memorandum of law have been corroborated with records from the trial Court,used as Relator's ex-hibitation insupport for his simplified pleading,so as to carry his own burden re-lating to his facts---all of which claims have cited authority providing a viable legal ground[or theory] for seeking relief on These/his Pleaded statements and-accusations.Respondent(s) inaction or its recalcitant Clerk(s)(Abel Acosta,et al) who refuses to filedand process Relator's actual petition,has unjustifiably dism-issed Relator's petition(s) inspite that dismisal does not conform to procedural-commands for writ of habeas corpus or and writ of mandamus,and for these stated - reasons,Relator's request for mandamus relief should be granted against Respondent(s)...Whom has infered ot implied that Tex.Code Crim.Proc.Art.11.07,§(4)a)-(c)-may be its basis,even though that impliement is a misapplication of the correct-Statute's subsections...Wrose yet,Respondent(s) does not identify the records-that Relator has presented,as submitted exhibitation;along with its records that-contain the information being complaint of and including but not limitedtoc,the-third Party'(s) ILLEGAL and unlawful motion practice submitted by them/she/-

6.Civil.

he,and thus,commit abuse of the[ir] judicial power.See also **In re Taylor**,28-994 S.W.2d 688,248(Tex.App.-[10th Dist.],Waco 2000),"Conditionally granting mandamus where inmate presented sufficient proof that the district judge failed to consider and rule upon his motions,and pleadings,among other favorable findings"Id;**In re Martinez-Ramirez**,994 S.W.2d 682,683(Tex.App.-San Antonio [4th Dist.],1998)orig.pro.),this said Court found an abuse of discretion in failinggto consider and rule on a substantative motion,in addition to,without Relator even requesting at any extent,requiring the trial Court to consider scheduling a hearing on the merits of Relator's motion[Applicant's pleading for striking **Joshua Vincent** and **Andrew J.Smith** illegal brief presented]as signed by them on or about 6/17/15],or in the alternative,Relator's presence,as required by the laws of habeas corpus,affording Relator **his** own defense,with **his** on-hand-ready exhibits to personally show how and why those indictment's accusations are void ab-initio.Case law and statutory law cited in RELATOR"S original writ of habeas-corpus petition's memorandum of law,attached to his application.HOwever,Respondent'(s) erroneous failure or refusual to act as requested by Your Relator is a-ministerial function that neglected its role in performing a judicial function as required by law under the facts of this Case sub judice,and therefore,propably caused the rendition of an improper decision,or and preveb.edthis Relator-from properly and accurately presenting his cause of action to that same Appellate Court,as if filed under citation#WR-53,692-04 & 05/Tr.Ct.#765557.Thus,the-Respondent(s) has arbitrarily acted in suppressing Relator's memorandum of law and not ruling on his opposition to the Phantom STATE'S answer to Applicant's-Writ of Habeas Corpus petition.This said defective process of service is inspite that the law governing Courts concerning,and otherwise ruling upon,any sort of legal application,that includes mtions and writs that in effect seek judicial action and relief,has long been established as a ministerial duty imposed-upon a Court [judge] of law.**Momak V.Berry**,156 Tex.44(1956),in aprt:

"Mandamus is designed to command a judge,among other aspects-to rule upon a properly filed motion within a reasonable time"Id.

Arguing further and in the alternative,if Art.11.07,§ 4(a)-(c)(TCCP),were to-apply,it's construction would not comport with the Relator's Constitutional Right of access to the Courtsaand a statutory right to 'file' his habeas corpus-Application,along with it's separate memorandum of law,and its exhibits thereof too,pursuant to ARTICLE 12 of the Texas Constitution,and 11.07,§ 3(b)(TCCP). Id.at **Delean V.District Clerk,Lynn County**,187 S.W.3d 467,474-75(Tex.Cr.App.2006).In Relator's case at bar,the ghost Clerk's white card implies the application for 11.07 Writ of habeas corpus has been received and presented to the Court..but not file-d !,nor docketed upon the Court of Criminal Appeals docket,for said application and it's memorandum of law to then be presented to a three judge panel; and plainly there upon the trial record its clear that Habeascorpus Respondents were never served the summons and complaint(s),and thus,never served any legal process of service,and thereby,no possible answer could have-

7.

been filed either. See also ?Min V.Avilla,991 S.W.2d 495,500(Tex.App.-Houston-[1st Dist.],1999.no pet.).Furthermoreover,a construction of Art.11.07,§ 4-places the Constitutional guarantees]both under the 1st& 14th Amendmntes to U.S.-Const.& Art.I,§§ 13 & 19,Tex.Const.)within the purview of due process of law & the Equal protection of the law,and is thus,prob'lmtic: because said abuse of-the writ act is a statutory authority,and subjects such a Constitutional right - or and provision to statutory authority.See **Cook V.State**,902 S.W.471,478,n.17-18(Tex.Cr.App.1995).Then such denial of access to the Courts has caused a oepri-vation of Relator's Constitutional rights of [sic] availing himself to the Court of Criminal Appeals of Texas.Which includes State-Statutory rights of alternat-ive options of access to that said Appellate Court,as well as thetrial Court tor address Relator's constitutional violation of rights complaints,and options go-with judicially-created and interpreted precedent resolving in judicial degree-rationale.See Rule 7(b) of the Texas Rules of Judicial Administration§ Hudson -V.Palmer(u.s.1984),cited at Martinez-Ramirez,994 S.W.2d at 682-84; In that the-"establishments for inmates sould not be denied access to the Courts as a result of their [His] status as an inmate"id;Cf.§§ 14.008 & 14,012,Texas Civil Pract-ice & Remedies Code]Vernon's 2003).'Each of these forms of law have long been-setted"Id....And this Supreme Court has held: "If an Act [Bill] is Unconstitut-ional,it is no law at all"e.g.,**Miller V.Davis**,150 S.W.2d 973,135 Tex,299,136 A.-L.R.177(Tex.1942).In fact,this Supeme Court of Texas,has futher held that a sta-tute cannot override the Texas Constitution"**Cramer V.Sheppard**,176 S.W.2d 147,140 Tex.271(Tex.1941).And in Colden,this Supreme Court said that an utterly void act [Bill] can have no effect to accomplish anything.**Colden V.Alexander**,171 S.W.2d 328,141 Tex.134(Tex.1943).

This said unconstitutional procedure for addressing Civil and Constitutional vio-lations of rights and law is the least of Art.11.07,§ 4(a)-(c)(TCCP)'s problems. Since the Respondent(s) has held itself to express that "A-void law affords no -basis for criminal prosecution"e.g.,**Ex Parte Halstad**,182 S.W.2d 479,147 Tex.Crim.453(Tex.Cr.App.1944).Thus,the "meaning of the words of a Constitution at the time they were placed therein cannot be altered or amended by an Legislative body or -Leglislation at a subsequent time"**Snodgrass V.State**,67 Tex.Crim.615,150 S.W.2d 162 (Cr.App.1912);**Ex Parte Giles**,502 S.W.2d 774(Tex.Cr.App.1973)."ANY-provision of a-Constitution is self-executing to the extent that anything done in violation of -it is Void"**Hemphill V.Watson**,60 Tex.679(Tex.????). As We have snown in the previous cases,**Montgomery Amusement Co**,supra,139 Fed.358,358(1905),Aff'd,140 F.986,& **Hunt V.State**,3 S.W.233,2??,22 Tex.App.(1886)."as per-enacting Clauses and their precise wording as proscribed byaa State Constitution-are mandatory and not directory"ID;Cf.**Alford V.City of Dallas**,738 S.W.2d 312,318-& at ante III.n.7-in part? "No statute or law passed may impair[rights]transfer of Title or impair rights under contracts;and,as in this case at bar,"the Appellant-r Applicant's pleadings must show that the impairment[fradulent indictment]-

8.Civil.

Contract;as circumstances described above-are in existence,said unconstitutional provisions,,violated Relator's State of Texas and Federal Constitutional rights,and is justification for [t]his cause of action to go forward.Especially since it involves the jurisdiction of the trial Court,and it's trial judge committing arbitrary acts to by pass the Grand jury panel system,as required by law.Thus,using the judiciary authority to sua sponte a Bills of Attainder,in violation of Article I,§ 16 of the Texas Constitution."Id.

## II.A.

The Supreme Court of Texas direction if error of law is remediable.i.e.,Rule 61.4(Tex.R.App.P.).id.at 61.4(a)(1),(2) & (b).This Supreme Court can direct the - Respondent(s) to correct its error of law in depriving Relator his Constitutional rights of access to the COURT or it's Courthous,and correct such denial of-his Constitutional rights.Which are enforceable under the United States Constitution,as it provides: "The Privilege of the Writ of habeas Corpus shall not be suspended,unless when in Cases of Rebellion or Invasion of the Public Safety - may require it."Id.at Art.I,§ 9,Clause 2;inaccord with Art.11.04,11.05,11.23,11-31,11.32,11.36 & 11.40(TCCP);Art.11.07;3(b);Art.I,§ 12(Tex.Const.).And see also Wright V.West, U.S.475,485-86(1992)(citation in original);Preiser V.Rodriguez,411 U.S.474,485-86(1973)(habeas corpus appropriate method to challenged unlawfull Conviction,etc).Hence,Respondent(s) errpneous failure to file Relator's petition in contesting his [the] legality or illegality of his detention,not merely his guilt or innocence,is the Respondent'(s) acts of failure to perform it's legal duty,and owes such a legal duty to Relator,rather than willfully breaching it's duty and that breach is the proximately the cause of violating this Relator's Constitutional rights to petition the Government of redress of his grievances complaint of herein above.Therefore,mandamus may be granted because the act sought to be compelled,is purely a ministerial act and as the Respondent(s) is the last State resort of addressing Relator'a unlawful incarceration, there is no other adquate remedy avaiable at law.Additionally,Relator does have a clear right to the relief he seeks-mainly because the merits of Relator's case are beyond dispute,inpprevailingbut only if the trial Court's Clerk or and its habeas judge,files all Relator's actual application for writ of habeas coppus,-its memorandum of law,and its attached exhibitation therewith said documentation Inwhich the trial Court's clerk has not been Ordered to forward such necessary-said documentation to the Respondent(s) and it's Appellate forum,i.e.,Art.11.07, § 3(b)(TCCP),in part:

§When the Application is received by that [trial]
Court,a Writ of habeas corpus,returnable to the Court
of Criminal Appeals,Shall issue by operation of law.The
Clerk of that Court Shall make appropriate notations th-
reof,assign to the case a file number(ancillary to that-
of the conviction being challenged),and forward a copy of the application by -
certifiecd mail,retirned receit requested,or by personal service;but to the
person -Custodian - having the Prisoner/Party under [illegal] restraint;in --
his/her custody,as it is charged with such authority,and it is to exhibit the

Original,if demanded;as there is no lawful right in the person[Custodian]-exercising the power or where,though the power in fact exists,it is exercised in a manner or degree not sanctioned by law;but that the person-Custodian on whom the Writ is served shall bring before the judge the person[Relator]-in his/her Custodyor under its restraint,and thus,the legal Custodianbe directed,to said Custodian,commanding it to produce such person,at a time and -place named in the Writ,and show why [?] he is held unlawfully in it's Custody-and restraint".id.at Art.11.01,11.02,11.03,11.27,*11.31,11.32,and 11.14(1),(2)-

(3),(4),(5)5)-Id.at 11.14(2)-" When the PARTY is confind and restraint of his liberty,by viture of any writ,Order,or process or under color of either,a copy-**Shall be annexed** to the petition[Relator's memorandum of law]or it shall be stated that a copy cannot be obtained".Id..."is worded as a pleadingrequirement-and does not contain words of prohibition such as language found in section 4-of Article 11.07".e.g.,**Ex Parte Golden**,991 S.W.2d 859,at 862(Tex.Cr.App.1999). To further emphasize these fatally defectiveprocedures under the trail Court's habeas corpus proceedings,there is no Order for the preperation of the trial -Court's records/transcription of all pertienet legal paper documentation in cause#765557,and to have said transcripts transmitted to the Respondent'(s) Appellate Court tribunal,pursuant to Art.11.07,§ 3(b) & (c) or (d)-for determining whether there were controverted,previously unresolved facts material to the-Legality or illegality of'thi[ ]'confinement;'for the [void]offense of murder-resulting from the [void] conviction that is the basis of this instant writ of-mandamus,-and the prevous writ of habeas corpus---butas that trial Court rece ord reflects,at least,in Relator'sor knows,there is nornotice of any trail-Court's[habeas judge's]decisions that there were or were no issues of controverted facts,before such assumed finding,'if any',material or otherwise prove-that the presumption of validity of the conviction,is sufficent,applied to the alleged indictment,arrest warrant,and supporting Affidavit(s),'if any',do actually appear regular on their faces, appearances.Because Respondent(s) own personal Official business white card,as a notice of dismissal,or and receivement erroneouly fails to express or state the that transcripts where ORDERED to be included-as certified-and-authentic copies of the documents produced on appeal ?-by thet Trial Court's Clerk(s) and seen,and ruled on by Respondent(s).Thus,the Respondent's Clerk(s) had a duty and obligation[if as its burden !] to include-any or all pertinent papers material to Relator's unlawdull confinement.Such as the alleged indictment indispute,cause#765597,-which is factually insufficient-and void as a matter of law,to support the illegal arrest or warrantless arrest, and said affidavit's insufficiency,can not possibly up hold Relator's conviction.See Rule 35.5(a) thur (h)(Tex.R.App.P): **Contents:**

Unless the parties designate the filing in the appellate Record by agreement,under RULE     .the record must include cpoies of the following(citations omitted).Ibid.

Also see the rule that the Respondent(s) failed to apprehend when Ordering its Clerk(s) to forward the essential material evidence to the Appellate Court.Rule 34.3(a)(1),(2) & (b)(1),(2),(3) & (*c)-Relator's petetion's concluded with his request,'with an attached-ready-made-proposed Order,for the        Court's - -

10.Civil.

Determination of the original documents filed with it's Court's records of it's Clerk's office for inspection by the Respondent'(s) Court,[& it's justice--s]or sent to that Respondent'(s) COurt in lieu of copies,-but the trial Court must make an ORDER for the preparation,safe keeping,transportation,and returned of thos original documents....The ORDER must list the original documents and briefly describedthem".Ibid....However,the white card merely implys,that an application for 01107 Writ of habeas corpu has been received and presented to some-Court..."not,that whatever was presented was to this[Tex.Ct.Cr.App Court,with-ῆῆῆῆῆῆῆῆῆῆ οῆῆῆ, ῆῆῆῆῆῆῆῆ ῆῆῆῆῆῆῆ Counter-claim,filed by the Applicant,Eddie D.Baker(or his retained lawyer,as CUSTODIAN of record,)'s Answer or response(as Respondent on habeas proceedings),and all Baker's Exhibits submitted,if any,and filed,as aetched thereofto;the original Indictment(s),or and any reindictment,judgment,sentence(s),and docket sheets,etc..Id. at R.35.5(f)(TRAP);R.26.1(a)(3) & (4),& (b);31.1 &22;R.33.1-"in that thos Relator's Case at bar,his complaint was made to the trail Court by timely objection to the third Party's intervention,and complaint's grounds clearly indicate that for prompt ruling,as with certainsspecification that was more than sufficient-to make the trialhabeas judge aware of the[his]complaint-wherein this Relator's Petition specifically stated it's grounds for relief,as such facts were apparent from this Relator's writ-petition's contents"id;R.37.2-:

in part: UPON RECEIVING THE APPELLATE'S Appeal,and receiving the trial Court's record,the appellate clerk must determine whether each Clerk's & Reporter's recpods complies with the Supreme Court's and that of the Texas Court of Criminal Appeals Order on preparation of the record---'if so,the Clerk manstendoras on each - the date of receipt,file it,and notify the Parties of the filings and the date" Hence,the trial Court's record should reflect there was no Order to the trial-Court's Clerk(s) to send the Respondent(s) the transcripts and statement of facts to confer the jurisdiction of the APPELLATE Court.Mendian WeBososeseanant,-Colley Gin Co,430 S.W.2d 372,supra(Sex.1968))Cf.Jordon V.State,883 S.W.3d 664,-665(Tex.Cr.App.1994).Thus,the trial Court's Clerk was supposed to sent Relator-a Copy of an Order to prepare andranscription of their record inchief,and Relator at his place of confinement and to the habeas Respondent(s) for the State of Texas contracting firm.Which is TDCJ's prison Unit called the Mark Wayne Michael and the Senior Warden therefrom his place of business.That is a Constitutional-error of law in its self.Mainly,because the trial Court's habeas corpus proceedings were not certified by that trail Court and filed by it's Clerk prior to 8/-27/2015-or before the applicatiob of habeas corpus became returnable to the Texas Court of Criminal Appeals/Respondent'(s) Appellate's form.Hence,because of -all the above mentioned defects in the Respondent'(s) procedures for either the Writ of mandamus or and Writ of habeas corpus,whether writs implementation of -law could be issued as an opperation of law,as provided under Rule 72.1 &22,&-the only motion to force the trial Court's clerk to forward their transcripts in this case sub judice,was,as is in these proceedings,a writ of mandamus to correct-
11.Civil.

its action or inactions,as intentional failures to perform its ministerial du-
ties.Therefore,the mandamus was presented to the Respondent'(s) Court of Appe-
als first prior to 7/13/2015(under case53,692-04-WR),and unofficially denied—
by Abel Acosta's name being used on a white card-but denied leave to FILE the —
original application for a writ of mandamus.So said mandamus was never filed-to
that Respondent'(s))Appellate Court,and never ruled on for a due consideration,-
and a decision thereafter,and thus,this calls for this Supreme Court's supervis-
ory power to vacate the Respondent'(s) Order or decision of dimissal and reinst-
ate Relator's cause of action,under further proceedings,in the interest of just-
ice,for formal defects,and irregualarties,and not allowing Relator a reasonable
time to coorex or and amend his formal pleadings for want of jurisdiction-with-
in his application and memorandum of law's information,'if anything was actually
in defective manner...Justice Holmes,once said,"We are not speaking of mere dis-
order,or mere irregularities in procedure,but of a Case where the processes of-
justice are actually subverted".Frank V.Mangum,237 U.S.309,346-47(1915).
The Truth of Relator's legal subject-matter in his want of actions are to reco-
ver for his rights,under federal and Texas State laws,being violated,as unconst-
itutional incarceration will not accure corrective remedial proceedings,untill -
Relator prevails in his requested mandamus relief action.Brown V.Edwards,721 F.-
2d 1442,1448(5th Cir.1984);Cf.Ex Parte Clear,573 S.W.2d 224,supra(Tex.Cr.App.19-
78)(citation omitted)..Thus, the Texas Supreme Court's justices can hold that -
Relator has no other adequate remedy.Relator can not appeal the trial Court's -
void judgment order rendered by that trial Court's acting convicting judge,and-

there is no known other llegal mechanism short of mandamus by which RELATOR may
challenge Respondent'(s) decision or implied order to dimiss his writ of habeas-
corpus or and mandamus,-without any written Orders or and explanations...That
are decisions contrary to,and involve-d an unreasonable application of,clearly-
established Supreme Court,of the United,States,Texas Supreme Court,Texas Court-
of Criminal Appals,and Fifth Circiut precedent,and thus,conclusions opposite to
that reached by said superior Courts rulings on the law,as well as decisions on-
a case differently than said superior Courts that have had a set of materially-
indistinguishable facts.,and by such arbitrary actions,Relator has suffered an-
actual or/and threatened injury under such procedure bar,that restricks his cl-
ear right to have the Respondent(s) vacate its implied or decivisive orders.St-
ate ex rel.Hill V.Pirle,887 S.W.2d 921,926-27(Tex.Cr.App.1994).Hence,there is —
well pleaded authority directly on point,as it appears without a doubt,and such
procedural defects in either habeas or mandamus proceedings,clearly falls under
the category of structural error of laws,and it so infected the entire appeals
processes that it should not be overlooked while the supreme Court's justices-
are execising its jurisdiction over Relator's case sub judice.So mandamus is ap-
propriate remedy.DeLeon,supra,187 S.W.3d at 474-75,& n.1,2,4-5.
Wherefore Premises Considered,this Relator prays that this Supreme Court's s

12.Civil.

grant [t]his Application and issue a Writ of Mandamus directing, Abel Acosta, and or which ever or whoever was, as is, the Respondent-recalcitrant-Clerk(s)- or the Justice(s) who refuses to file and record Relator's properly-executed-documents/paper sent to its Appellate Court or if not sent, said Respondent(s) refused to file his mandamus application, but that instructions would include an Order for issuing an Order for filing and setting these present matters for a-submission and an evidentiary hearing, if needed, to afford Relator a full and -complete hearing upon these factual and legal dispute, which, if resolved in his favor, would entitle him to relief, pursaunt to Relator's Claims of Constitution-al errors of law, by trial and Respondent(s)/individuals in this Case, but that-that Respondent(s) set aside the implied or decisive order rendered supportly-on August 3?, 2015, and this said notice was received on July 08?, 2015(both habes-& mandamus writs bear same date)-in cause 765557-Tr.Ct.# & WB-53,692-04-05, and-Request that Respondent(s) or its Clerk(s)send the record to this Supreme Court pursuant to Rule 20.1(g), & 20.2 et seq(TRAP).As this Relator is[false] impriso-ned] is presently incarcerated, and to poor to pay the Court's fees/costs for - any or all the original transcripts/records of the trial Court, and that of the RESPONDENT'(s)-records.But the indictment(s),judgment(s),sentence(s),Counter-claims,exhibits by Relator and some unknown Respondent'(s) are available to th-is Supreme Court through both trial and Appellate Courts files of their Clerks. Rule 54.2(a) to (b)(TRAP);39.9(a) & (b) are invoked for briefing to be Constr-ued Liberally, as required in Hains V. Kerner, 92 S.Ct.594(5201), id.at 404 U.S.519-520.Mainly because Relator and his legal inmate assistant are not trained lawy-ers in the law, and should be entitled to less stringent standards than formal-pleadings drafted by a traind lawyer"Id; A declaratory judgment tthat this cau-se of action is of such importance to the jurisprudence of this State of Texas-that mandamus appeal should be allowed;incorporate Appeal@TO Reason, pages 20 to-24,cited in Texas Monthy,July 2015-Article,by Mini Swartz,-affirming Seventy di-rect death penalty appeals-of inmates cases.All heard between 2009 & 2013-but-that Article's point is this Supreme Court can make things Right"by correcting-the Respondent'(s) defective and unconstitutional procedures and make sure that-the judiciary system doesn't go away and excute an innocent Person; reference & 5th Cir.Ct.App.[fed],case#06-1280;06-20517-regarding related issues never ad-dressed for lack of a competent lawyer or paralagal,but appeal had merit before dismissed for failure to prosecute;dismiss the trial cuase#765557as void in-all charged offense alleged.And grant any other relief this Court deems meet-the ends of justice.Ex Parte Young,418 S.W.2d 824,826(Tex.Cr.App.1967). so moved and prayed for this Writ of mandamus to be granted.

Respectfully submitted, *Delivence Sims* 3-21-2015

TDCJ#00833100,being presently unlawfully incarcerated,in the mark Wayne Michael Unit,at 2264 F.M.@@@,Tennessee Colony Texas,75886,do hereby declare and certify under penalty of perjury,that I have read these foregiong mandamus information,& verify that these stated matter are true,accurate,correct,on my belief,and I have provided the Respondent(s) a copy of the same,pursuant to Tex,Civ.Pract, & Rem.Code,§§ 132.001-132.003,

13.Civil.