

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00799-CV

**IN RE** Abelardo G. **GONZALEZ**

Original Mandamus Proceeding[1]

Opinion by:     Marialyn Barnard, Justice

Sitting:        Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: December 19, 2018

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On October 24, 2018, relator filed a pro se petition for writ of mandamus complaining of the trial court's refusal to rule on his "Motion for Entry of No Answer Default." Real party in interest, Ponce Trevino, did not file a response to the petition. We conditionally grant the petition for writ of mandamus.

## DISCUSSION

Relator filed a pro se "Original Third-Party Petition . . . Affecting the Parent-Child Relationship," against four third-party defendants: Judge Jose Antonio Lopez, Ponce Trevino, Nicholas Lichtenberger, and Robert Garcia. In November 2017, the trial court granted a motion to dismiss filed by Judge Lopez and a plea to the jurisdiction filed by Lichtenberger and Garcia.

---

[1] This proceeding arises out of Cause No. 2017 FLI 001815 C3, styled *In the Interest of M.A.G. and Z.A.G., Children*, pending in the County Court at Law No 2, Webb County, Texas, the Honorable Sid L. Harle presiding.

On February 20, 2018, relator filed "Motion for Entry of No Answer Default" asking the trial court to enter a default judgment against Ponce Trevino, the last remaining third-party defendant. On July 9, 2018, relator sent a letter to the respondent asking the trial court to rule on his motion. On July 19, 2018, relator filed a motion to compel again asking the trial court to rule on his pending motion.

In October 2018, the trial court conducted a final hearing in the underlying matter. Relator alleges that during the hearing, which he attended telephonically, he asked the trial court to rule on his pending motion for a default judgment against Ponce. The trial court did not rule on his motion, but, apparently, otherwise entered a judgment in the case. In his petition for writ of mandamus, relator asserts he cannot appeal from that judgment because it is not yet final due to his pending motion for a default judgment against a remaining party. Thus, relator asks this court to compel the trial court to rule on his pending motion.

Because the determination of whether a plaintiff is entitled to a default judgment requires the exercise of the trial court's discretion, this court does not have the authority to compel by mandamus the entry of a default judgment. *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding). However, the trial court does not have discretion to refuse to hear and rule on a motion for default judgment "because a refusal to timely rule on a motion frustrates the judicial system and constitutes a denial of due course of law." *Id.*

A trial court is required to consider and rule on a motion within a reasonable time. *Id.* "'When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act,' and mandamus may issue to compel the trial judge to act." *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding) (citation omitted). However, while we have jurisdiction to direct the trial court

to proceed to judgment, we may not tell the court what judgment it should enter. *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101 (Tex. 1962) (orig. proceeding).

Relator's motion for a default judgment has been pending for over nine months. Relator has attempted to bring the pending motion to the trial court's attention in a motion to compel and a letter. In his petition, relator also alleges he raised the pending motion in open court during the October 2018 hearing. Because the trial court has erred by not ruling on relator's motion for default judgment within a reasonable time, we conditionally grant relator's petition for writ of mandamus. The writ will issue only if the trial court fails to consider and rule on relator's motion within fourteen days of this opinion.

Marialyn Barnard, Justice