

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00730-CR

**IN RE** Carlton **STROUD**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:       Karen Angelini, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed:  October 31, 2018

PETITION FOR WRIT OF MANDAMUS DENIED

On October 11, 2018, relator filed a petition for writ of mandamus complaining the trial court has refused to rule on his motion to dismiss.

To establish a right to mandamus relief in a criminal case, the relator must show the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial duty to rule on a properly-filed and timely-presented motion. *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

However, a relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "a

---

[1] This proceeding arises out of Cause No. 2018CR4160, styled *The State of Texas v. Carlton Stroud*, pending in the 186th Judicial District Court, Bexar County, Texas, the Honorable Jefferson Moore presiding.

certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). In a case such as this one, a relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.–Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.–Amarillo 2003, orig. proceeding). It is relator's burden to provide the court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); TEX. R. APP. P. 52.3(k), 52.7(a).

Finally, the temporal requirement on a trial court to rule on a pending motion is only that the judge rule within a "reasonable time." *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding). Whether such a period has lapsed is dependent upon the circumstances of each case. *Chavez*, 62 S.W.3d at 228. Moreover, "no bright-line demarcates the boundaries of a reasonable time period." *Id.* Its scope is dependent upon a myriad of criteria, including the trial court's actual knowledge of the motion, its overt refusal to rule, the state of the court's docket, and the existence of other judicial and administrative matters that must be addressed first. *Id.* at 228-29.

Attached to relator's petition is a copy of a document titled "Motion to Dismiss on Ground of Inadmissible Hearsay." The document was file stamped by the Bexar County District Clerk on June 8, 2018. No other documents were provided by relator.

Relator's petition does not include a record showing that he requested a hearing on the motion or asked the trial court to rule, or that the trial court has refused to rule. Further, the record does not contain a copy of the trial court's docket or other proof establishing the trial court has failed to rule on relator's motion within a reasonable time. As such, relator has not established his entitlement to the extraordinary relief of a writ of mandamus. *See In re Florence*, No. 14–11–

00096–CR, 2011 WL 553241, at *1 (Tex. App.–Houston [14th Dist.] Feb. 17, 2011, orig. proceeding) (absent proof that the trial court has been requested to rule on the motion but refused to do so, relator has not established his entitlement to the extraordinary relief of a writ of mandamus).

Accordingly, the petition for writ of mandamus is denied.

PER CURIAM

Do not publish