

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00975-CV

**IN RE** Abelardo G. **GONZALES**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:  Rebeca C. Martinez, Justice
     Luz Elena D. Chapa, Justice
     Irene Rios, Justice

Delivered and Filed: January 16, 2019

PETITION FOR WRIT OF MANDAMUS DENIED

Relator filed a petition for writ of mandamus complaining the trial court has refused to commence an expedited hearing on his motion for temporary restraining order and request for temporary injunction against the Webb County District Clerk ("the motion").

A trial court clearly abuses its discretion when it fails to rule within a reasonable time on a properly-presented motion. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, a relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). In a case such as this one, a relator

---

[1] This proceeding arises out of Cause No. 2017 FLI 001815 C3, styled *In the Interest of M.A.G. and Z.A.G., Children*, pending in the County Court at Law No. 2, Webb County, Texas, the Honorable Missy Medary presiding.

has the burden to provide the court of appeals with a record showing the motion at issue was properly filed, the trial court was made aware of the motion, and the motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Mendoza*, 131 S.W.3d 167, 167-68 (Tex. App.—San Antonio 2004, orig. proceeding).

Relator attached to his petition for writ of mandamus a copy of his motion, which is file-stamped November 19, 2018 by the Webb County District Clerk. This motion requests an "urgent hearing." Also attached to his petition are two letters written to the respondent judge dated November 10, 2018 and November 23, 2018, both of which bring relator's motion to the trial court's attention and request an immediate hearing.[2] Although the mandamus record appears to support relator's assertion that he properly filed his motion and on two occasions brought the motion to the trial court's attention, relator was also required to show the motion has not been ruled on by the trial court for an unreasonable period of time.

The temporal requirement on a trial court to rule on a pending motion is only that the judge rule within a "reasonable time." *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding). Whether such a period has lapsed is dependent upon the circumstances of each case. *Chavez*, 62 S.W.3d at 228. Moreover, "no bright-line demarcates the boundaries of a reasonable time period." *Id.* Its scope is dependent upon a myriad of criteria, including the trial court's actual knowledge of the motion, its overt refusal to rule, the state of the court's docket, and the existence of other judicial and administrative matters that must be addressed first. *Id.* at 228-29. This court has held that one month is a reasonable time to pass before a court rules. *See In re Holleman*, No.

---

[2] In his petition for writ of mandamus, relator indicates his November 19, 2018 motion was the second motion filed. He does not indicate when he filed the first motion, although it is referenced in the November 10 letter. The November 23 letter specifically references the November 19 motion.

04-04-00183-CV, 2004 WL 624584, at *1 (Tex. App.—San Antonio Mar. 31, 2004, orig. proceeding) (mem. op.) (per curiam); *but see Ramirez*, 994 S.W.2d at 684 (deciding 18-month delay was unreasonable).

Because relator's motion has been pending since only November 19, 2018, we cannot say on this record that the trial court has abused its discretion in not yet setting relator's motion for a hearing.

PER CURIAM